15104356.1.12-31

FILED
OCT 23 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Terrance Walker**
UnitC-1501 Opal Gardens, Duong 20, Hiep Binh Chanh Ward,
Thu Duc City, Ho Chi Minh City Vietnam 70000
Tel: (775) 971-8679
**Plaintiff/Petitioner, and Next Friend of A.B., in propria persona (pro se)**
**walkerbillion@gmail.com**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**Terrance WALKER,** individually in his personal capacity and as a public interest advocate, and as **Next Friend** on behalf of **A.B.,** a qualified individual with a disability,
Plaintiffs/Petitioners,

v.

**COUNTY OF MONTEREY; CITY OF MARINA; CITY OF SEASIDE; JEANINE PACIONI**, individually and as District Attorney; **CHRISTI McDONALD**, individually and as Deputy County Counsel; **KATY GRANT,** as Court Executive Officer; **TINA NIETO**, as Sheriff-Coroner; **RANDY HOPKINS**, as Chief of Police, Marina PD; **NICHOLAS BORGES**, as Chief of Police, Seaside PD;
**ALEX CARDINALE; RAYMOND BUENAVENTURA; EVAN GEORGE; DEBRA MIGDAL**; and **DOES 1–10**,

Case No.: C 26 12456 SVK

**COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND STATUTORY RELIEF**

**42 U.S.C. §§ 1983, 12132, 12203; FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS; DECLARATORY AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

15104356.1.13-31

**COMES NOW** Petitioners Terrance Walker, proceeding individually, and as Next Friend on behalf of A.B., allege as follows:

**NOTE OF AMENDMENT**

***Plaintiff Terrance Walker, individually and as Next Friend of A.B., files this First Amended Complaint to add Defendants the City of Seaside and Nicholas Borges, and to allege the second custodial event occurring after commencement of this action: the October 15, 2026 arrest of the ward by the Seaside Police Department (booking no. FN2607370), on which he remained in custody as of the filing of this amendment. All allegations of the original Complaint are re-alleged and incorporated herein; paragraphs are numbered to preserve the original sequence, with new allegations describing the October 15, 2026 arrest and custody of the ward. The ward is identified throughout this filing by the initials "A.B." to protect a disabled individual's privacy in public court records.***

**I. PRELIMINARY STATEMENT**

**1.** This is an action about what happens to a disabled man when the institutions charged with protecting him coordinate, instead, to process him. Between January 28, 2026 and October 20, 2026: the Monterey County Superior Court rejected the petition that opened his CARE Act case twice in one day; it adjudicated him incompetent to stand trial on February 5, 2026; the District Attorney prosecuted him in seven separate dockets anyway, taking pleas in each; the County's own verified filings concede IST findings and Mental Health Diversion in six of his dockets while his lawyers prosecuted four others on a theory of day-to-day competency "fluidity" that the United States Supreme Court has foreclosed; the jail held him without charges three times — March 22–26, 2026, September 11–15, 2026, and, two days after this

15104356.1.14-31

action was commenced, October 15, 2026, when officers of the Seaside Police Department arrested him on the accusation of the same witness for the third time, holding him as of this filing five days without charge, arraignment, or judicial determination — the second time arresting him for violating court orders that had been dismissed 31 days earlier; the court's case-management system marked his live civil CARE Act case "Closed" while hearings sat calendared into 2027; his public defender — whose office simultaneously represents the complaining witness against him — wrote that his father should be "ignored"; and every state corrective channel that exists — the State Bar, the jail's ADA grievance process, the Court of Appeal, and the California Supreme Court — was invoked and declined to act. This Court is the last forum that has not been asked.

## II. PARTIES AND STANDING

**2.** Plaintiff Terrance Walker is A.B.'s father, his designated CARE Act statutory supporter under Welf. & Inst. Code § 5981, and brings individual claims for retaliation against his own advocacy. He sues as next friend for A.B., who was adjudicated incompetent to stand trial on February 5, 2026 — a judicial finding that is simultaneously the reason he needs a next friend and the reason this case exists. Whitmore v. Arkansas, 495 U.S. 149, 163–66 (1990).

**3.** Defendant County of Monterey is a municipal corporation responsible for the District Attorney, Public Defender, County Counsel, Sheriff, and the court administration functions performed through its officers.

**4.** Defendant City of Marina is a municipal corporation whose police department arrested A.B. on September 11, 2026.

15104356.1.15-31

**5.** Defendant City of Seaside is a municipal corporation whose police department arrested A.B. on October 15, 2026 (booking no. FN2607370), on which he remained in custody as of the filing of this amendment.

**6.** Defendant Pacioni is the Monterey County District Attorney, sued in her official and individual capacities.

**7.** Defendant McDonald is Deputy County Counsel, sued individually and officially.

**8.** Defendant Grant is Court Executive Officer and Clerk, sued in her official capacity for the customs and practices of the clerk's office and case-management system.

**9.** Defendant Nieto is Sheriff-Coroner, sued in her official capacity for Monterey County Jail practices.

**10.** Defendant Hopkins is Chief of the Marina Police Department, sued in his official capacity.

**11.** Defendant Borges is Chief of the Seaside Police Department, sued in his official capacity for the customs and practices of that department, including its arrest and order-verification practices as applied on October 15, 2026.

**12.** Defendants Cardinale, Buenaventura, George, and Migdal are Monterey County Public Defender attorneys, sued in their individual capacities.

**13.** Officers of the Marina, Seaside, and Monterey County Sheriff's agencies involved in the arrests and custodies at issue are sued as Does 1–10 pending disclosure of their identities through discovery and the pending public-records requests.

## III. JURISDICTION AND VENUE

15104356.1.16-31

**14.** Federal question jurisdiction exists under 28 U.S.C. §§ 1331 and 1343; jurisdiction over ADA claims under 28 U.S.C. § 12188; supplemental jurisdiction under 28 U.S.C. § 1367. Declaratory relief is available under 28 U.S.C. §§ 2201–02. This Court may enjoin ongoing unconstitutional conduct by state officials under Ex parte Young, 209 U.S. 123 (1908), notwithstanding Younger v. Harris, 401 U.S. 37 (1971), for the reasons in Part VI.

**15.** Venue lies in the San Jose Division of the Northern District of California under 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(e): the events occurred in Monterey County, California.

## IV. FACTUAL ALLEGATIONS

### A. The exclusion began at intake

**16.** On January 28, 2026, Plaintiff submitted the verified CARE-100 petition commencing the CARE Act proceeding, Case No. 26CA000005, together with a fee-waiver request. The clerk's office rejected the filing twice the same day — 12:58 p.m. and 1:20 p.m., transaction numbers 26MY00001985 and 26MY00001999 — while A.B. sat unmedicated in custody. Self-represented litigants are exempt from the electronic-filing parameters the court invoked. Cal. R. Ct. 2.253(b)(2).

### B. The adjudication the system proceeded to ignore

**17.** On February 5, 2026, in Monterey County Superior Court Case No. 26CR000939, the court arraigned A.B. and the register of actions records the result: "Found Incompetent" (Department 07).

**18.** On February 18, 2026, the same docket records a PC 1370.01 diversion-eligibility hearing: "Diversion Accepted" (Department 10). On March 18, 2026, a "Return on Assessment" was

15104356.1.17-31

entered. No order of restoration to competency appears on any docket from that date to the present.

**19.** Under Pate v. Robinson, 383 U.S. 375 (1966), Drope v. Missouri, 420 U.S. 162 (1975), Godinez v. Moran, 509 U.S. 389 (1993), and Maxwell v. Roe, 606 F.3d 561 (9th Cir. 2010), that adjudication suspended the power of every department of that court to conduct adversarial proceedings against A.B. until lawful restoration. Defendants proceeded anyway.

**C. Seven dockets, one invisible adjudication — the County's own table**

**20.** The prosecution's own register of actions shows what followed: 26CR001610 (filed 2/26/26; "Not Guilty Plea Entered" 3/23/26, Dept. 01); 26CR001517 (2/24/26); 26CR002692 (3/24/26); 26CR003695 (4/23/26); 26CR004170 and 26CR004171 (5/4/26); and 26CR006600 — filed and arraigned the same day, July 20, 2026, with a not-guilty plea entered (Dept. 11), five months after the incompetency adjudication. The preliminary examination calendared for October 2, 2026 in 26CR001610 was continued. Every plea and waiver in these dockets postdates February 5, 2026. On October 16, 2026, the court calendared these matters for the appointment of counsel while A.B. sat in custody on the arrest described in Part J below.

**21.** The County's own verified opposition of April 27, 2026 concedes the architecture: a table of A.B.'s dockets acknowledging IST findings and Mental Health Diversion in six cases while the County prosecuted four others, each recorded as "No IST finding," on the theory that "Competency is a fluid matter—an individual can be incompetent one day and competent another." Godinez forecloses that theory; its function was to give every department permission to proceed.

15104356.1.18-31

**22.** Between April 24–25, 2026, Plaintiff attempted to file Notices of Related Case (Cal. R. Ct. 3.300); the clerk's office rejected them (IDs 14305533, 14305566, 14305466, 14305594) — "not a party to case." A clerk's duties are ministerial.

**23.** The court's public case-management interface displayed the live CARE case — No. 26CA000005 — as "Closed," while the court's own electronic filing system shows status reports entered as late as October 6, 2026 and hearings calendared for February 18, 2027 and March 11, 2027 (Dept. 13).

**D. Defense counsel with an admitted, provable conflict**

**24.** The County appointed the Public Defender's office. In the County's own verified words: "While Mrs. Cardinale has reported, correctly, that there is a conflict of interest for the Public Defender representing Mr. Bluehorse in any criminal proceedings based on the Public Defender's conflict of interest policy, there is no conflict related to the CARE proceedings." The conflict is structural and public: April Buckley — the complaining witness in the criminal prosecutions of A.B. — is defended in her own active criminal case, No. 24CR003973, by a deputy of the same office, at the same address and telephone number as Defendant Cardinale.

**25.** No withdrawal followed. No motion to enforce the IST stay; no objection to the March 23 or July 20 pleas; no appearance of any kind during A.B.'s custodies; and on October 9, 2026 at 9:48 a.m., Defendant Cardinale advised another court-appointed attorney, in writing: "Dad's constant barrage of AI gibberish is pretty assaultive but if you ignore him he moves targets to the next person," adding "Happy to help, she has my info."

**E. The suppression of the supporter and the pathologizing of the advocate**

15104356.1.19-31

**26.** On April 27, 2026, Defendant McDonald filed a verified opposition quoting the National Library of Medicine's definitions of "delusion" and "persecutory delusions" and applying them to Plaintiff, accompanying a declaration attaching 411 pages of Plaintiff's correspondence. Plaintiff has never been her patient; she holds no medical license. Cal. Bus. & Prof. Code § 2052.

**27.** On May 1, 2026, the CARE court filed its Order Denying Walker Motions and Requests: no standing as supporter, an order to "immediately cease disclosing confidential information," and a warning of dissolution under W&I § 5981(b)(4). The order did not dissolve Walker's supporter status. Nevertheless, county officials thereafter excluded him from all communications and proceedings concerning the matter — including the multi-disciplinary reports and status communications generated after May 1, 2026 (Ex. K) — treating him as dissolved without any dissolution order, any notice, any hearing, or any opportunity to respond.

**F. The corrective channels, invoked and exhausted, in documents**

**28.** The State Bar closed complaints 26-O-15691/-15692 (May 24, 2026) and 26-O-17639 (September 23, 2026), the latter declining to treat the court's own "Found Incompetent" register entry as evidence of incompetency.

**29.** The jail's ADA Coordinator confirmed the September detention's operative facts on county letterhead (September 28–30, 2026), declined to evaluate lawfulness, and forwarded the matter to County Counsel, confirming in writing that "County personnel or legal counsel" shape the County's position. His office's ten-business-day consolidated-response deadline of

15104356.1.20-31

September 30, 2026 lapsed unmet, and its responses to the October 2026 demands remain outstanding.

**30.** The Sixth District denied review and stay May 12, 2026 (H054357); the California Supreme Court denied the emergency petition July 8, 2026 (S296638).

**G. Three custodies without legal process**

**31.** During the pendency of the IST adjudication, A.B. has been subjected to three documented custodial detentions: March 22–26, 2026; September 11–15, 2026; and October 15, 2026 to the present (booking FN2607370).

**32.** The September detention is documented by the County's own ADA Coordinator (booking 2606535; PC 166(c)(1) and 166(a)(4) charges premised on orders void since the August 12, 2026 dismissal of 25CR008355; release on a "No File" after four days without any judicial determination). The March incarceration of the catatonic ward, and the jail's total non-production of medical records in response to the March 24, 2026 written demand, state a deliberate-indifference claim under the Fourteenth Amendment. Duvall v. County of Kitsap, 260 F.3d 1164 (9th Cir. 2001).

**H. The September detention: arrest on orders that no longer existed**

**33.** On August 12, 2026, Department 10 dismissed the sole underlying criminal matter, Case No. 25CR008355 — register entry: "Heard – Dismissed." Every order, term, and condition of supervision touching A.B. terminated with it.

**34.** On September 11, 2026, Marina Police Department officers arrested A.B. (booking no. 2606535) on charges requiring a valid, existing order as an element. None existed. He was

15104356.1.21-31

held four days; no complaint was filed; no judicial probable-cause determination was ever made. On September 15, 2026 he was released on a "No File."

**35.** The jail processed A.B. knowing he was disabled, yet in four days no one assisted him in understanding his custody, accessing counsel, or reaching the judicial process — contrary to the jail's own written policies recited in the Coordinator's letters. 28 C.F.R. §§ 35.130, 35.152.

**I. The County's response to notice: not correction, but coordination**

**36.** After each notice — July 20, August 13, August 14, September 27, October 1, October 9, October 10, October 18, 2026 — the County's documented responses were: grievance denials, a referral to County Counsel, closed Bar complaints, and, from the ward's own appointed counsel, written coordination to "ignore" the ward's father. The County has never once, in any document, disputed a date, a docket entry, or a legal authority.

**J. The October 15, 2026 arrest: the second custody of this action**

**37.** On October 15, 2026 — two days after the original Complaint in this action was delivered to this Court's San Jose clerk, and five days after Plaintiffs' written Brady/Giglio demand naming the complaining witness was served on the District Attorney — officers of the Seaside Police Department arrested A.B. a third time (booking no. FN2607370), again on the accusation of April Buckley.

**38.** The timing requires no embellishment: on October 14, 2026, this same complaining witness appeared at her own PC 1001.36 mental-health diversion review in Department 10 (Case No. 24CR003973); the register records the result "Heard – Continued," with her next review calendared for November 18, 2026. The ward was arrested the next morning, on her

15104356.1.22-31

accusation, for the third time in eight months — while adjudicated incompetent, with no restoration on any docket, in the face of this Court's pending jurisdiction.

**39.** As of the filing of this amendment, A.B. has been in continuous custody for five days. No charge has been confirmed in any public register; no arraignment has been posted. Under Cal. Penal Code § 825 and Gerstein v. Pugh, 420 U.S. 103 (1975), he had to be presented within 48 hours. He has not been. This is the second time in five weeks the County has completed that constitutional violation.

**40.** The custodial harm is documented and escalating. A.B. has stated — publicly, in his own posted account — that after the September 11–15 custody he became so ill that he was sick for approximately one month. On October 18, 2026, Plaintiffs demanded in writing that the jail's ADA coordination arrange medication continuity with his residential treatment facility (Sun Street / Hope Housing), and demanded that the facility coordinate likewise. Those demands remain unanswered as of this filing. A.B.'s treating program, his medications, and his clinical stability are known to the County; each additional day of interruption deepens the deliberate-indifference and program-access violations pleaded herein.

**41.** On information and belief, the Seaside arrest, like the Marina arrest before it, rests on court orders or accusations traceable to the complaining witness — whose documented record (robbery, 2013; false personation to make others liable, 2016; active Seaside PD investigation No. EG2580173; federal IC3 referral; false proof of service in Case No. 26CV001151; and her own diversion in 24CR003973) was in the District Attorney's written possession before this arrest. No verification of her claims, or of the continued validity of any order, preceded the arrest, as the results show: five days, no charge, no arraignment.

15104356.1.23-31

**V. CAUSES OF ACTION**

**COUNT I — Fourth and Fourteenth Amendments (A.B., by next friend): False Arrest, False Imprisonment, Deliberate Indifference — City of Marina, Hopkins, City of Seaside, Borges, Does 1–10, Nieto, County**

**42.** Paragraphs 1–41 are incorporated as though fully set forth here.

**43.** The September 11, 2026 arrest by Marina PD and the October 15, 2026 arrest by Seaside PD were each effected without probable cause or any valid legal basis: the September arrest rested on orders void since August 12, 2026; the October arrest rests on accusations the prosecution has twice declined or failed to file upon, made by a witness whose record was in its possession. No reasonable officer could have believed otherwise — the dismissing court's register is public, and the witness record was served in writing on the District Attorney on October 10, 2026.

**44.** The September four-day detention exceeded Gerstein and County of Riverside v. McLaughlin, 500 U.S. 44 (1991); the October detention — five days and counting without charge, arraignment, or judicial determination — repeats and compounds that violation after full notice, and after the commencement of this action.

**45.** The March 22–26 incarceration of a catatonic ward, followed by the jail's total non-production of medical records in response to the March 24, 2026 demand, states deliberate indifference under Duvall. The October custody — with medication continuity demanded in writing and unanswered — states it again, now with a documented month-long illness following the prior custody.

15104356.1.24-31

**46.** The Cities of Marina and Seaside and Chiefs Hopkins and Borges are liable under Monell for their departments' failure-to-verify customs; the County and Sheriff Nieto are liable for the jail's hold, intake, and medical-response practices.

**COUNT II — Due Process (A.B.): Proceeding Against an Adjudicated Incompetent; Void Pleas — Pacioni, County, Cardinale, Buenaventura, George, Migdal**

**47.** Paragraphs 1–41 are incorporated as though fully set forth here.

**48.** Every post–February 5, 2026 plea, waiver, and proceeding in the seven dockets was conducted in defiance of a standing adjudication of incompetency and is void. The County's "fluid competency" theory, adopted in its own verified filing, is the rationalization by which each department proceeded.

**49.** The pattern of arrests after written notice satisfies Blackledge v. Perry, 417 U.S. 21 (1974): the September arrest followed months of notice; the October arrest followed this Court's own filing and the October 10 Brady/Giglio demand by days. The presumption of vindictiveness is now a documented sequence of three custodies.

**50.** Counsel defendants' failure to assert the mandatory stay — while carrying an admitted, unwaived conflict — deprived A.B. of conflict-free counsel and made every subsequent act possible.

**COUNT III — First Amendment (Walker, individually): Retaliation and Prior Restraint — McDonald, Grant (official), County**

**51.** Paragraphs 1–41 are incorporated as though fully set forth here.

15104356.1.25-31

**52.** Plaintiff Walker's protected activity includes State Bar complaints, petitions to legislators, coordination with counsel, appellate filings, public-records requests, and the October 10 Brady/Giglio demand.

**53.** Documented adverse actions in response: the Bus. & Prof. Code § 2052 "persecutory delusion" framing; the May 1, 2026 gag order; the clerk rejections; the fraudulent "Closed" docket status; the coordination-to-ignore; and now, the October 15 arrest of the ward — two days after this action commenced — as retaliation for the litigation itself.

**54.** The May 1, 2026 gag directive is a prior restraint carrying a heavy presumption of invalidity. Every element of the retaliation sequence is established by documents defendants authored or received.

**COUNT IV — ADA: 42 U.S.C. § 12132 (A.B.) and § 12203(a), (b) (Both Plaintiffs) — County, Nieto, Pacioni, Cardinale, and the City Defendants**

**55.** Paragraphs 1–41 are incorporated as though fully set forth here.

**56.** The jail's custody of a ward known to be incompetent — in March, September, and October 2026 — without any step to connect him to the judicial process or counsel, and with unanswered written demands for medication continuity, denied A.B. the benefits of the jail's services by reason of disability, in violation of 42 U.S.C. § 12132 and 28 C.F.R. §§ 35.130, 35.152.

**57.** The September and October arrests, following months of written notice and the commencement of this action, are retaliation under § 12203(a). Defendant Cardinale's October 9 written instruction to "ignore" the ward's statutory supporter is interference under § 12203(b).

15104356.1.26-31

**COUNT V — Access to Courts / Procedural Due Process (Both Plaintiffs) — Grant (official), County**

**58.** Paragraphs 1–41 are incorporated as though fully set forth here.

**59.** The January 28, 2026 intake rejections, the April clerk rejections, the "Closed" status on a live case with 2027 hearings, and the County Counsel discovery blockade deprived both plaintiffs of access to the courts. Lewis v. Casey, 518 U.S. 343 (1995); Snyder v. Nolen, 380 F.3d 279 (7th Cir. 2004).

**60.** The CARE Act creates a protected liberty interest in the support framework; its arbitrary destruction — without hearing the respondent, without inquiry into his will and preferences — denied procedural due process.

**COUNT VI — Monell — County of Monterey, City of Marina, and City of Seaside**

**61.** Paragraphs 1–41 are incorporated as though fully set forth here.

**62.** Each unconstitutional act implemented a municipal custom or policy: the "fluid competency" doctrine adopted in County Counsel's verified filing; the intake-rejection, clerk-rejection, and docket-status practices under Defendant Grant; the jail hold, intake, and medical-response practices under Defendant Nieto — including the practice of holding detainees for days pending prosecutorial decisions without judicial presentation, twice completed in five weeks; the Public Defender's conflict-tolerance practice; Marina PD's order-verification failures under Defendant Hopkins; and Seaside PD's order-verification and accusation-verification failures under Defendant Borges, completed on October 15, 2026, two days after this action commenced.

15104356.1.27-31

## VI. ABSTENTION — WHY THIS COURT MAY ACT

**63.** Younger's bad-faith and harassment exceptions are met by the County's own documents: prosecutions refiled after written notice; pleas taken after adjudication; arrests for violating orders that had ceased to exist; a third custodial seizure of the ward commencing two days after this action was filed; a "Closed" label on a live case. Futility is established by the record of the channels themselves. Moreover, the state statutory mechanism designed to prevent wrongful proceedings — the CARE Act's communication duty, Welf. & Inst. Code § 5978.2(a)(1) — was disabled by these defendants; deference cannot run to a forum whose own corrective circuit-breaker the party seeking deference switched off. See Mitchum v. Foster, 407 U.S. 225 (1972).

## VII. PRAYER FOR RELIEF

**64.** Plaintiffs respectfully request that this Court: (a) declare that the acts described violate the Fourth, Fifth, Sixth, and Fourteenth Amendments and the Americans with Disabilities Act; (b) issue a preliminary and permanent injunction staying all state criminal proceedings against A.B. pending lawful competency restoration, and vacating the void pleas and waivers entered on and after February 5, 2026; (c) enjoin the Cities of Marina and Seaside, their police departments, and the County from arresting A.B. except upon facially valid process verified as active through CLETS/NCIC, and from booking A.B. without a judicial probable-cause determination within 48 hours of arrest; (d) enjoin the County from interfering with Plaintiff Walker's statutory supporter role and direct the correction of the docket status in Case No. 26CA000005; (e) order immediate production of the October 15, 2026 booking and intake records for A.B. (FN2607370) and confirmation of his presentment; (f) award compensatory damages for A.B.'s false imprisonments and for Plaintiff Walker's First Amendment and §

15104356.1 28-31

12203 injuries, in amounts to be proven at trial; (g) award punitive damages against the individual-capacity defendants upon proof of evil motive or reckless and callous indifference, Smith v. Wade, 461 U.S. 30 (1983); (h) award costs and reasonable attorney's fees under 42 U.S.C. § 1988 and § 12205; and (i) grant all further relief to which Plaintiffs may be justly entitled.

**DEMAND FOR JURY TRIAL**

**VERIFICATION (28 U.S.C. § 1746)**

I, Terrance Walker, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief; that the docket facts stated herein are drawn from the Monterey County Superior Court's own public register of actions, the County's own verified filings, and the correspondence records preserved in the exhibits; and that I am authorized to bring this action as next friend of A.B.. Executed on October 20, 2026, at Ho Chi Minh City, Vietnam.

/s/ Terrance Walker



Terrance Walker, in propria persona, individually and as Next Friend of A.B.
Unit C-1501, Opal Gardens, Duong 20, Hiep Binh Chanh Ward, Thu Duc City, Ho Chi Minh City, Vietnam 70000 | (775) 971-8679 | walkerbillion@gmail.com

15104356.1.29-31

# EXHIBIT INDEX

*Exhibits are cited throughout this First Amended Complaint as (Ex. __). Consistent with the privacy considerations stated in the caption and the Note of Amendment, compact exhibits will be attached upon this Court's grant of leave to file under seal and/or with redactions, in part, including redaction of the ward's name from the exhibits; voluminous exhibits are retained by Plaintiffs and will be produced on request or pursuant to court order. Exhibits B and H were lodged under seal with the Sixth District Court of Appeal in Case No. H054357; the sealing of confidential CARE material in the state appellate court does not diminish its availability to this Court, and Plaintiffs will comply with any protective-order regimen this Court directs. Certain exhibits identified as "forthcoming" are the subject of pending Public Records Act requests and the motion practice described herein.*

| Ex. | Document | Proves | Status |
|---|---|---|---|
| A | Register-of-actions screenshots, all seven criminal dockets, current as of 10/9/2026 | ¶18 — pleas after adjudication; 10/2/26 prelim continued | Attached |
| B | 26CR000939 register: "Found Incompetent" (2/5/26); "Diversion Accepted" (2/18/26); Return on Assessment (3/18/26); clerk rejection notices, Filing IDs 14305533, 14305566, 14305466, 14305594 (lodged under seal, H054357) | ¶¶17–19, 22 | Attached; certified copies pending |
| C | 25CR008355 register: "Heard – Dismissed" (8/12/26) | ¶33 | Attached; certified copy pending |
| D | EFM rejection notices (1/28/26, txn. 26MY00001985, 26MY00001999); Self Help Center escalation thread (1/28–29/26) | ¶16 — intake exclusion | Attached |
| E | Sheriff's ADA Coordinator (L. Pereira) letters of 3/27/26, 9/28, 9/29, 9/30/2026 | ¶¶24, 29, 34–36, 38 | Attached |
| F | City of Marina PD CPRA response (Cmdr. R. Cox), 10/8/2026 | ¶¶35–36 | Attached |
| G | County of Monterey Behavioral Health verified Opposition to Walker Motions, | ¶¶21, 23, 26, 46 | Attached |

15104356.1.30-31

| | | | |
|---|---|---|---|
| | 4/27/2026 (Blitch, Holmes, McDonald; verified by M. Henry-Castaneda, LMFT): IST/diversion concession table; "fluid competency" passage; persecutory-delusion footnote; conflict admission; 411-page McDonald Declaration | | |
| H | Order Denying Walker Motions and Requests, 26CA000005 (executed 4/30/26; filed 5/1/26), Hon. Elisabeth K. Mineta | ¶28 | Attached (as transmitted with Ex. N) |
| I | A. Cardinale email of 10/9/2026, 9:48 a.m.; Notice of Active Interference filed in 26CA000005 same date with Proof of Service | ¶¶25, 38 | Attached |
| J | State Bar of California closure letters: 5/24/2026 (Cases 26-O-15691, -15692); 9/23/2026 (Case 26-O-17639, Pacioni) | ¶28 | Attached |
| K | Greenfiling case summary, 26CA000005: Status "Closed" (updated 10/08/2026); hearings 2/18/2027 & 3/11/2027 (Dept. 13); A. Cardinale listed as counsel | ¶23 | Attached |
| L | 24CR003973 (People v. Buckley) parties screenshot — A. Buckley defended by Monterey County Public Defender deputy J. Hernandez; State Bar profile of Jose Hernandez Jr. #348391 | ¶24 — office conflict | Attached |
| M | HIPAA/ADA Medical Records Demand to Monterey County Jail, 3/24/2026, and ADA Coordinator response of 3/27/2026 (no records produced) | ¶32 — deliberate-indifference notice | Attached |
| N | Court of Appeal, Sixth District, Case H054357: petition for writ of mandate and stay denied 5/12/2026; Emergency Petition for Review and Exhibits as transmitted to the California Supreme Court (incl. Ex. H order) | ¶¶22, 30 | Attached |
| O | Written notice letters to Defendants: 7/20, 8/13, 8/14, 9/27, 10/1, 10/9, 10/10, 10/18, 10/19/2026 (representative examples) | ¶¶27, 30, 38 | Representative examples attached |
| P | Booking, arrest, and charging-evaluation records for the October 15, 2026 arrest by Seaside PD (booking FN2607370), including body-worn camera footage, CAD/dispatch logs, and any detainer documentation | ¶¶39–41 | Forthcoming via CPRA; preservation demanded |

15104356.1 31-31

| | | | |
|---|---|---|---|
| Q | 24CR003973 register, current as of 10/2026: “Motion — Diversion Accepted” (9/18/26); “Diversion – PC1001.36 Review — Heard, Continued” (10/14/26); review calendared 11/18/26 (Dept. 10) | ¶¶39–40 | Attached |
| R | Medication-continuity and intake-screening correspondence of 10/18–10/19/2026 (jail ADA demand; Sun Street/Hope Housing correspondence) | ¶41 | Attached |

Dated: October 20, 2026.

/s/ Terrance Walker



Terrance Walker, Plaintiff, in propria persona, individually and as Next Friend of A.B.