TERRANCE WALKER, Pro Se / Next Friend for ward A.B.
Unit C1501, Opal Gardens, Street 20, Hiep Binh Chanh Ward
Thu Duc City, Ho Chi Minh City, Vietnam
Telephone: (775) 971-8679 | Email: walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

TERRANCE WALKER, individually, and as Next Friend & Statutory Supporter on behalf of A.B.,

Plaintiffs,

v.

COUNTY OF MONTEREY; CITY OF SEASIDE; CITY OF MARINA; JEANNETTE PACIONI; CHRISTI McDONALD, individually and as Deputy County Counsel; KATY GRANT, as Court Executive Officer; TINA NIETO, as Sheriff-Coroner; RANDY HOPKINS, as Chief of Police, Marina Police Department; NICHOLAS BORGES, as Chief of Police, Seaside Police Department; TARA HIGGINS; SCOTT ERDBACHER; SHANE KELLY; ROLAND SOLTESZ; ERIN BOYLAN; DAVID MIGDAL; EVAN GEORGE; SUSAN BLITCH; ALEX CARDINALE; RAYMOND BUENAVENTURA; OFFICE OF THE PUBLIC DEFENDER; DISTRICT ATTORNEY OF MONTEREY COUNTY; and DOES 1–20,

Defendants.

Case No.: 5:26-cv-12456-SVK

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

(Fed. R. Civ. P. 65; 42 U.S.C. § 1983)

Assigned to: Hon. Susan van Keulen

PLEASE TAKE NOTICE that Plaintiffs Terrance Walker and ward A.B. move this Court ex parte pursuant to Federal Rule of Civil Procedure 65, 42 U.S.C. § 1983, and the Fourteenth Amendment for an immediate Temporary Restraining Order (1) staying all criminal proceedings against A.B. in Monterey County Superior Court Case Nos. 26CR009822, 26CR006600, 26CR001517, 26CR001610, 26CR002692, 26CR003635, 26CR004170, and 26CR004171, including hearings scheduled for October 28 and October 30, 2026, and (2) enjoining Defendants from interfering with the continuity of A.B.'s prescribed medications, pending the hearing on Plaintiffs' application for preliminary injunction. This application is supported by the concurrently filed Declaration of Terrance Walker under 28 U.S.C. § 1746, the matters of public record noticed herein, Exhibit 1 (screenshot of the Monterey County Superior Court public portal for Case No. 26CR000939, name redacted for medical privacy), and the concurrently filed Proposed Order and Certificate of Concurrent Service. No counsel of record has appeared for any Defendant in this action; consistent with Rule 65(b)(1)(B), because the state settings are calendared for October 28, 2026 at 10:00 a.m., advance notice was impracticable, and Plaintiffs have served all Defendants concurrently with this filing by electronic mail.

**I. REQUEST FOR JUDICIAL NOTICE (FRE 201)**

Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of uncontested matters of public record, including state court dockets, registers of actions, and minute orders on the official website of the Superior Court of California, County of Monterey (monterey.courts.ca.gov). *See United States ex rel. Robinson Rancheria v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The factual recitals herein are verifiable directly from that verified electronic source or from the accompanying declaration. Exhibit 1 is a screenshot of that official portal for Case No. 26CR000939 captured by Plaintiff in or about March 2026; the defendant's name, visible in the unredacted original, has been redacted in the exhibit for medical-privacy reasons, with the redaction expressly noted on the exhibit.

**II. MONTEREY COUNTY'S EXCUSES AND STATUTORY SUBVERSION**

On March 2, 2026, California Governor Gavin Newsom publicly condemned local entities for undermining state mental health reforms and identified Monterey County as one of the failing jurisdictions placed on 'ICU' status for chronic administrative failures in CARE Act implementation (Office of Governor Gavin Newsom, Press Release, Mar. 2, 2026, gov.ca.gov). This action presents a documented case study of that dysfunction. While the Legislature enacted the CARE Act (Welf. & Inst. Code § 5970 et seq.), SB 1400, SB 27, and Penal Code § 1370.01 to mandate community stabilization and dismantle the jail pipeline, Monterey County and municipal actors have refused to apply these binding laws, instead relying on procedural dodges to perpetuate serial prosecution of a mentally ill ward.

## III. CHRONOLOGY OF RECORD FACTS

The following chronology is drawn from the Monterey County Superior Court's registers of actions and public files; each entry is judicially noticeable:

• **January 28, 2026:** Plaintiff filed the verified CARE-100 petition commencing CARE Act proceedings on behalf of A.B. (Case No. 26CA000005), establishing first-in-time jurisdiction under Welfare & Institutions Code § 5978.2(a)(1).

• **February 5, 2026 (Case No. 26CR000939):** The court's own Register of Actions recorded the arraignment result as 'Found Incompetent' (Exhibit 1) — an adjudication that was publicly displayed on the court's portal until approximately two months before this filing and can no longer be found in the online portal as of October 2026.

• **February 18, 2026 (Case No. 26CR000939):** Penal Code § 1370.01 diversion eligibility recorded as 'Diversion Accepted.'

• **August 12, 2026 (Case No. 25CR008355):** Penal Code § 1370.01 review resulted in 'Heard – Dismissed,' terminating supervision terms and conditions.

From February 5, 2026 forward, every plea, speedy-trial waiver, and stipulation taken in these siloed matters was extracted from an individual already judicially adjudicated incompetent. No order restoring competency appears on any register at any time thereafter.

## IV. IRREFUTABLE RECORD GROUNDS COMPELLING IMMEDIATE RELIEF

**1. Un-restored IST adjudication; refusal to apply SB 1400/SB 27:** On February 5, 2026, in Dept. 10 (Case No. 26CR000939), A.B. was adjudicated Incompetent to Stand Trial under PC § 1370.01. Competency has never been restored. Under SB 1400, SB 27, PC § 1368(c), and *Hale v. Superior Court*, 15 Cal.3d 221, all criminal proceedings against A.B. are mandatorily suspended and diversion to community treatment is required.

**2. Bad-faith prosecution across eight dockets; fabricated arrests:** Local officials pursue A.B. across eight pending dockets. The sole complaining witness, April Buckley, is the subject of an active civil anti-stalking protection petition in Case No. 26CV005932. On September 11–15, 2026, A.B. was subjected to an admitted false arrest and four-day unlawful detention predicated on a dismissed no-contact order; on October 15, 2026, the Seaside Police Department, an agency of Defendant City of Seaside under its chief, Nicholas Borges, reused the same dismissed order to arrest A.B., amending the complaint on October 20, 2026, while suppressing municipal shelter video contradicting the accusation.

**3. Concurrent conflicts, systematic counsel rotation, and record sanitization:** The Public Defender concurrently represents complaining witness April Buckley on an active diversion docket (Case No. 24CR003973). Assigned counsel in 26CR006600, Erin Boylan, is a deputy of that conflicted office; earlier dockets were handled by conflicted deputies who extracted 'not guilty' pleas and speedy-trial waivers from an incompetent ward before rotating out. Private counsel Scott Erdbacher was then rotated in — before Tara Higgins — and rotated out: the court's online register reflected him as counsel of record while he simultaneously claimed he was not representing A.B., and he took no action on the IST stay at any point. Private attorneys Shane Kelly and Roland Soltesz were likewise appointed and rotated out: Plaintiff personally placed each on notice of the February 5, 2026 IST adjudication; Kelly stated he wished to 'see' and assess A.B. for himself, neither attorney asserted the IST stay or filed any § 1370.01 motion, and both rotated out. The matters then passed to private counsel Tara Higgins, also without any § 1370.01 motion. Counsel in the CARE proceeding, Alex Cardinale, is on the record refusing to intervene ('stand back') and directing county participants to 'ignore' Plaintiff, leaving the ward unrepresented and without clinical advocacy. In

email exchanges with Erdbacher, Cardinale described Plaintiff's submissions as 'A.I. gibberish' and directed that Plaintiff be ignored. Monterey County Behavioral Health conceded under verification on April 27, 2026 that the Public Defender 'cannot represent Mr. Bluehorse in any criminal proceedings' (Case No. 26CA000005, p. 10). Nine attorneys were placed on the ward's matters through mid-2026; every rotation was unexplained, and the only reason ever communicated to Plaintiff for any rotation was Plaintiff's own request that counsel assert the IST stay. None of the at least eleven attorneys placed on the ward's matters since February 2026 has filed any motion under PC § 1370.01. On information and belief, the rotation operates as a plausible-deniability ploy, spreading the missing stay motion across so many successive counsel that no single attorney need answer for it — a reluctance to invoke the IST stay that, on information and belief, extends across the County's defense bar. This sequence — a conceded-conflict office, then successive private attorneys whose appointments distribute the inaction (one disclaiming his own register status, two more placed on personal notice and rotated out without action), then a further private appointment, with the IST adjudication itself later disappearing from the public portal (Exhibit 1) — is an attempt to sanitize the record of the conflict, not to cure it.

**4. Fictitious 'closed' CARE docket and siloing:** The CARE Act clerk formally marked Case No. 26CA000005 'Closed' on official records while secret, off-record proceedings continue, excluding Plaintiff — the initiating petitioner and sole statutory supporter entitled to participate under WIC § 5981. To rationalize parallel prosecutions of an un-restored incompetent ward, Defendants have invented an extra-statutory 'fluid competency' doctrine, foreclosed by *Godinez v. Moran*, 509 U.S. 389 (1993).

**5. Medication denial and physical collapse:** Custodial officials and appointed CARE counsel have repeatedly failed to coordinate prescribed psychotropic medications during the March and September 2026 detentions; the September deprivation caused acute decompensation and severe physical sickness. Prescribed medications are again being withheld. An emergency habeas petition on medication continuity was e-filed October 21, 2026 (GreenFiling ID 15507895) and has been held in abeyance for seven days.

**6. De facto denial of press and public access:** On October 21, 2026, Plaintiff filed a timely media coverage request (Form MC-500) under Cal. Rules of Court, rule 1.150. On October 27, 2026, Judge Andrew Liu signed Form MC-510 acknowledging review of all nineteen rule 1.150(e)(3) factors but left the grant/deny determination blank, scheduling an open-court hearing for October 28, 2026, while ignoring requests for remote access — an unconstitutional administrative blackout. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980).

**7. Prosecutorial bad faith — threatened and actual stale charges against a known-incompetent ward:** A.B.'s incompetency to stand trial has been a matter of public record since February 5, 2026. With full knowledge of that adjudicated status, the Monterey County District Attorney's Office — including prosecutor Jeannette Pacioni — has both threatened to add stale charges and has in fact added stale charges — resurrecting accusations pre-dating the incompetency adjudication — across the eight pending dockets. Approximately one month before this filing, in or about September 2026, prosecutor Pacioni told A.B.'s then-counsel, Kelly Duncan, of her plans to bring still more charges against him — a threat since carried out. Each such charge and amendment was filed against a defendant the prosecution knew to be adjudicated incompetent, rendering every count void (*Pate*, 383 U.S. at 386; *Godinez*, 509 U.S. 389) and evidencing the bad-faith, harassment-purpose prosecution described in Part VI.

## V. LEGAL STANDARD AND LIKELIHOOD OF SUCCESS

An ex parte TRO requires: (a) immediate irreparable injury; (b) a likelihood of success on the merits or serious questions going to the merits; (c) the balance of hardships; and (d) the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). **Immediate irreparable injury is undisputed**: an incompetent ward faces a critical-stage preliminary examination on October 30, 2026, before conceded conflicted counsel, with prescribed psychiatric medication withheld. These are ongoing constitutional violations, not completed ones: *Maxwell v. Roe*, 606 F.3d 561, 568–71 (9th Cir. 2010), holds that prolonged incarceration and prosecution of a defendant incompetent to stand trial itself violates due process, and the injury compounds with each passing day. No later remedy can

restore lost liberty, undo a void critical-stage proceeding, or reverse acute psychiatric decompensation caused by withheld medication. *See Pate v. Robinson*, 383 U.S. 375, 386 (1966) (proceedings against an incompetent defendant are void ab initio); *Godinez v. Moran*, 509 U.S. 389 (1993); *White v. Maryland*, 373 U.S. 59 (1963) and *United States v. Cronic*, 466 U.S. 648 (1984) (critical stages without counsel presumed prejudicial); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs).

**Plaintiffs are likely to succeed.** The conduct described is state action under § 1983: the County, the Cities, and their officers — including the Sheriff-Coroner and the Seaside and Marina police chiefs — control the charging decisions, the appointments, the custodial medication decisions, and the docket-management scheme. To the extent the Public Defender's Office is asserted for its representation failures, *Polk County v. Dodson*, 454 U.S. 312 (1981), is no bar here because the challenged acts are the County's and Cities' systemic appointment decisions and their operation of an eight-docket siloing scheme — municipal policy and practice, *Monell v. Department of Social Services*, 436 U.S. 658 (1978) — not the exercise of a public defender's independent professional judgment. Structural error under *Cronic* attaches irrespective of counsel's status.

**Bond.** Pursuant to Rule 65(c), Plaintiffs request that security be set at a nominal $100, in light of the civil-rights context, the absence of any money-damages claim by Defendants, and the emergency. The balance of hardships and public interest favor relief: the Governor of California has publicly identified Monterey County's CARE Act failures, and every day of continued prosecution of an un-restored incompetent ward compounds constitutional injury at public expense.

## VI. YOUNGER ABSTENTION DOES NOT BAR RELIEF; STATE REMEDIES ARE EXHAUSTED AND FUTILE

*Younger v. Harris*, 401 U.S. 37 (1971), yields where state proceedings are conducted in bad faith, for harassment, or pursuant to a patently unconstitutional statute or flagrantly unconstitutional conduct, *Sprint Communications, Inc. v. APCC Services, Inc.*, 554 U.S. 269, 275–76 (2008), and applies only where state remedies remain open, adequate, and capable of resolving the dispute. Every state avenue has been tried and defeated — not on the merits, but by refusal: a petition for

writ of mandate and stay raising these very defects was denied by the Sixth District Court of Appeal on May 12, 2026 (Case No. H054357); review was denied by the California Supreme Court, Case No. S296638, on July 8, 2026; the State Bar of California, presented with appointed counsel's documented refusals to act, instead demanded legal consent and executed waivers from A.B. himself — an adjudicated incompetent ward who cannot give consent — as a precondition to any action, and claimed it could not examine the Monterey County Superior Court's official online register of actions, asserting it was not sufficient evidence; conflicted counsel cannot and will not move under § 1370.01; the emergency habeas on medication has sat in abeyance for seven days; and Plaintiff's filings in the criminal action have been rejected outright. The state remedial loop is closed. The Anti-Injunction Act, 28 U.S.C. § 2283, poses no obstacle: § 1983 is 'expressly authorized' within its meaning. *Mitchum v. Foster*, 407 U.S. 225 (1972). Because no state judgment exists, *Rooker-Feldman* is inapplicable. Plaintiffs are mindful that prosecutorial charging decisions enjoy absolute immunity from damages liability, *Imbler v. Pachtman*, 424 U.S. 409 (1976); the injunctive relief sought here does not challenge the charging function but stays void proceedings against an incompetent defendant, and the pattern of threatened and actual stale charges against a defendant known to be incompetent bears directly on the *Sprint* bad-faith exception. Next-friend standing is proper: A.B. is incompetent and cannot litigate on his own behalf, and Plaintiff — his father, the initiator of the CARE petition, and the designated statutory supporter — is a dedicated advocate with no conflicting interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163–66 (1990).

**WHEREFORE**, Plaintiffs respectfully request that this Court: (1) issue a Temporary Restraining Order effective immediately and until the hearing on the Order to Show Cause (and in no event longer than fourteen days under Rule 65(b)(2)), staying all proceedings in the eight Monterey County Superior Court criminal cases identified above, including the October 28 and October 30, 2026 settings, and enjoining Defendants from interfering with continuity of A.B.'s prescribed medications; (2) set an expedited hearing on the preliminary injunction; (3) set bond at a nominal $100; and (4) grant such other relief as the Court deems just.

Dated: October 27, 2026

Respectfully submitted,

/s/ Terrance Walker

Terrance Walker, Pro Se

Next Friend for ward A.B.