# EXHIBIT 2

Petition for Writ of Habeas Corpus (Emergency — Medical), filed October 22, 2026, in the Superior Court of California, County of Monterey, by Terrance Walker as next friend of the ward (the unredacted caption names the ward; the ward's full name has been redacted throughout this exhibit, replaced with black redaction marks, to protect medical privacy).

The petition seeks, among other relief, an order requiring verification and administration of the ward's established psychiatric medication regimen within twenty-four hours, an in-custody medical and psychiatric evaluation within twelve hours, and release from detention held in aid of proceedings barred by the ward's standing February 5, 2026 incompetency adjudication.

The unredacted original is on file with the Monterey County Superior Court and in Petitioner's custody, and will be produced to this Court upon request.

The redaction affects only the ward's name; all docket numbers, dates, quotations from public filings, and the register citations remain unredacted and fully legible.

**Terrance Walker**
Unit C-1501, Opal Gardens, Duong 20
Hiep Binh Chanh Ward, Thu Duc City
Ho Chi Minh City, Vietnam 70000
Tel: (775) 971-8679
Email: walkerbillion@gmail.com
*Petitioner/Relator, in propria persona*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF MONTEREY**
**UNLIMITED CIVIL JURISDICTION**

| | |
|---|---|
| In re<br>[redacted],<br>an incompetent ward,<br><br>on the relation of<br>TERRANCE WALKER,<br>as next friend of said ward,<br><br>Petitioner/Relator,<br><br>vs.<br><br>TINA NIETO, as Sheriff-Coroner of Monterey County;<br><br>MONTEREY COUNTY JAIL;<br>COUNTY OF MONTEREY;<br><br>CORRECTIONAL HEALTHCARE PARTNERS; and INTERIM, INC.,<br><br>Respondents,<br><br>and<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Real Party in Interest. | Case No.: ____________<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Emergency — Medical) |

# PETITION FOR WRIT OF HABEAS CORPUS (EMERGENCY — MEDICAL)

**COMES NOW** Petitioner Terrance Walker, father and next friend of the ward, [redacted], and respectfully petitions this Court for a writ of habeas corpus, and Request to be heard remotely (via Zoom) if necessary, stating:

NOTE: Under **California Rule of Court 2.253(b)(2)**, a court **must also** allow a party to file documents by mail or in person if e-filing would cause "undue hardship" or "significant cost." See. E.g. Rojas v. Cutsforth (1998) Petitioner claims that exemption if e-filing is not permitted:

## I. THE PARTIES, THE CUSTODY, AND PETITIONER'S STANDING

1. The ward, [redacted], is presently held in the Monterey County Jail, 1414 Natividad Road, Salinas, California 93906, under booking no. FN2607370. He was arrested on October 15, 2026, by officers of the Seaside Police Department and has been in continuous custody since — seven full days as of this filing. Respondent Tina Nieto is the Sheriff-Coroner of Monterey County and the custodian of the ward; medical care at the jail is operated through Respondents Correctional Healthcare Partners and Interim, Inc. under the Sheriff's authority and the County's contracts.

2. Petitioner brings this petition as next friend. On February 5, 2026, this Court (Department 07) adjudicated the ward incompetent to stand trial, Monterey County Superior Court Case No. 26CR000939 (register entry: "Found Incompetent"). No order restoring competency has ever been entered on any docket in this County. An adjudicated-incompetent ward cannot litigate on his own behalf; the next-friend framework is supplied by Whitmore v. Arkansas, 495 U.S. 149, 163–66 (1990).

3. Petitioner is the initiating petitioner and designated statutory supporter in CARE Act Case No. 26CA000005 (Welf. & Inst. Code §5981); he holds the ward's signed Authorization for Release of Records executed September 29, 2026; and he acts pursuant to the ward's expressed will and preferences, most recently affirmed before this custody.

4. This petition challenges (a) the lawfulness of the ward's present detention, and (b) independently, the conditions of that detention as applied to his known, serious medical needs. Habeas corpus lies for both. Pen. Code §1473(a)(1); In re Banks (1959) 53 Cal.2d 370; In re Cortez (1971) 6 Cal.3d 78; Pen. Code §1473.5 (medical neglect of a prisoner as ground for relief).

## II. FIRST GROUND — CUSTODY WITHOUT A TIMELY JUDICIAL DETERMINATION OF PROBABLE CAUSE

5. The ward was arrested on Thursday, October 15, 2026. No judicial officer saw him within 48 hours. The first arraignment on the resulting complaint (Case No. 26CR009822) posted on Monday, October 19, 2026 — four days after arrest. The Sheriff's Office inmate locator now reflects a single felony charge (Pen. Code §273.5(a)) with bail set at $20,000.00 (Attachment 1) — a charging decision completed only after four days of custody without any judicial officer. The register further reflects a complaint filed October 19, 2026, an amended complaint and affidavit filed October 20, 2026, and a not-guilty plea entered at the October 19 arraignment by a deputy of the Monterey County Public Defender's Office (Attachment 5) — the office whose conflict of interest in any criminal proceeding against the ward was acknowledged in the County's own verified filing of April 27, 2026 (Attachment 6) and noticed again to that office on October 19, 2026 (Attachment 3).

6. Penal Code §825 requires presentment of an arrestee without unnecessary delay and, in all events, within 48 hours for a judicial determination of probable cause. Gerstein v. Pugh, 420 U.S. 103 (1975); County of Riverside v. McLaughlin, 500 U.S. 44, 56–58 (1991) (48 hours is the outer benchmark; intervening weekends and the administrative convenience of awaiting a charging decision are not justification). The October 15 arrest, booked on a Thursday morning with the County holding the ward through the weekend unseen by any magistrate, is precisely the delay McLaughlin forbids.

7. This is the second time in five weeks this County has completed that violation against this ward. On September 11, 2026, the Marina Police Department arrested the ward (booking no. 2606535) on charges premised on court orders this Court's Department 10 had dismissed on August 12, 2026 (Case No. 25CR008355, register entry: "Heard – Dismissed"). The jail held him four days; no complaint was filed; no judicial probable-cause determination was ever made; he was released on a "No File." The County's own Custody Division ADA and Grievance Coordinator confirmed these operative facts on county letterhead, letters of September 28–30, 2026 (attached).

8. The County's documented practice is to hold this disabled ward pending prosecutorial decisions rather than present him to a magistrate. Each day of the present custody without the constitutionally required determination is a continuing violation.

## III. SECOND GROUND — DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED (ONGOING EMERGENCY)

9. The ward has an established psychiatric medication regimen, maintained under his CARE Act treatment plan (Case No. 26CA000005) and through his residential treatment program, Sun Street Centers/Hope Housing. His medication list, care plan, and clinical history are held by Monterey County Behavioral Health and are known to Respondents.

10. Since the October 15 booking, the ward has received, to Petitioner's knowledge and belief after diligent inquiry, none of his prescribed medication. Written demands for medication continuity and clinical coordination were served on October 18, 19, 20, and 22, 2026, upon the jail's ADA/Grievance Coordinator (ADAHelp@countyofmonterey.gov), Monterey County Behavioral Health ACT/ACCESS clinical coordination, and the County's CARE Act mailbox (attached).

11. The ADA Coordinator responded in writing on October 20, 2026, that he "cannot independently confirm whether Sun Street/Hope House was contacted or whether medications have been provided," and referred the matter to Respondent Correctional Healthcare Partners. No clinical response has ever been received from Correctional Healthcare Partners, Interim, Inc., or Behavioral Health. The Sun Street/Hope Housing program director declined coordination, citing HIPAA and 42 C.F.R. Part 2, notwithstanding the ward's signed authorization of September 29, 2026.

12. Abrupt discontinuation of psychotropic medication causes documented, severe harm: discontinuation syndrome (flu-like symptoms, insomnia, nausea, imbalance, sensory disturbances, hyperarousal), a high risk of rebound psychiatric crisis and acute destabilization, and, depending on the class of medication withheld, medical emergencies including seizures, autonomic instability, and cardiovascular events.

13. The harm is neither speculative nor new to Respondents. After this same jail held the ward without medication from September 11–15, 2026, he became so ill that he remained sick for approximately one month — a fact communicated to the jail's ADA Coordinator in writing before this custody. Respondents have repeated the same interruption, now for a longer period, after full written notice.

14. Denial, or unreasonable delay, of medical care to a person in custody with a serious medical need is deliberate indifference violating the Fourteenth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Duvall v. County of Kitsap, 260 F.3d 1164, 1170–71 (9th Cir. 2001). The need is documented, known, demanded in writing for four consecutive days, and unmet. Each further day deepens the violation.

## IV. THIRD GROUND — DETENTION IN AID OF PROCEEDINGS BARRED BY THE STANDING INCOMPETENCY ADJUDICATION

15. The ward is held in aid of criminal proceedings notwithstanding his February 5, 2026 adjudication of incompetency to stand trial. Under Pate v. Robinson, 383 U.S. 375 (1966), Drope v. Missouri, 420 U.S. 162 (1975), Godinez v. Moran, 509 U.S. 389 (1993), and Maxwell v. Roe, 606 F.3d 561 (9th Cir. 2010), that adjudication suspended the power of every department of this Court to conduct adversarial proceedings against him until lawful restoration.

16. The County concedes the architecture in its own verified filing of April 27, 2026 (Monterey County Behavioral Health, Opposition of Behavioral Health to Motions Filed by Terrance Walker, Case No. 26CA000005): IST findings and Penal Code §1370.01 diversion accepted in the ward's dockets; the register reflects "Diversion Accepted" on February 18, 2026 (Department 10) and a "Return on Assessment" on March 18, 2026. No restoration order exists. Detention in aid of proceedings so barred is unlawful.

17. The bar was not merely available — it was asserted to the ward's counsel of record in writing, and refused. In an email exchange of March 19–21, 2026, Monterey County Public Defender attorney Alex Cardinale acknowledged the March 18, 2026 PC 1370.01 "Return on Assessment" ("that IST determination... does obviously inform the full picture"), stated she would be "standing back and letting that process happen as is ethically appropriate," and dismissed the cited statutory bridge authorities as "not relevant yet." A not-guilty plea in a new felony case followed on March 23, 2026. (Attachment 8.) The detention challenged here continues that same course: every actor with a duty to assert the adjudication has been given written notice of it, and none has.

18. The same conflicted office entered the plea now anchoring this custody. The County's verified filing of April 27, 2026 concedes — at page 10 — that "there is a conflict of interest for the Public Defender representing Mr. [redacted] in any criminal proceedings based on the Public Defender's conflict of interest policy" (Attachment 6). Petitioner noticed that concession to the office directly on October 19, 2026 (Attachment 3). Nevertheless, on October 19, 2026, a deputy of that office stood beside the ward — an adjudicated-incompetent ward — as a not-guilty plea was entered in this case (Attachment 5). A plea entered by counsel laboring under an unwaived, conceded conflict is void, and the detention built upon it cannot stand.

## V. PRIOR CUSTODIES AND NOTICE

19. March 22–26, 2026: the jail held the ward — then catatonic — for four days; a written March 24, 2026 demand for intake and medical records produced no records at all. September 11–15, 2026: four days without charge on void orders; released on a "No File." October 15, 2026 to the present: the third custody, now seven full days, with four days of unanswered written medical demands. Respondents have had actual notice of this ward's disability, his medication needs, and the consequences of interruption since March 2026.

## VI. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

(a) Issue an order to show cause, returnable immediately, why the ward should not be released, and set an expedited hearing;

(b) Order Respondents, forthwith and in all events within twenty-four (24) hours, to verify and administer the ward's established psychiatric medication regimen, or a medically equivalent regimen ordered by a licensed clinician after an in-custody evaluation, and to produce the medication administration record for booking no. FN2607370;

(c) Order an in-custody medical and psychiatric evaluation of the ward within twelve (12) hours;

(d) Order the ward released on his own recognizance, or on bail he can post, the detention being unlawful for want of timely presentment and in aid of proceedings barred by his standing incompetency adjudication;

(e) In the alternative to (d), order such conditions of release as protect the public and the ward, including release to his residential treatment program (Sun Street Centers/Hope Housing) with medication continuity assured;

(f) Award costs as authorized by law; and

(g) Grant such other and further relief as the Court deems just.

## VERIFICATION

I, Terrance Walker, declare under penalty of perjury under the laws of the State of California and 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information, and belief; that the docket facts stated herein are drawn from this Court's public register of actions and the County's own filings; and that I am authorized to bring this petition as next friend of [redacted]. Executed on October 22, 2026, at Ho Chi Minh City, Vietnam.

/s/ Terrance Walker
Terrance Walker, next friend of [redacted]

## PROOF OF SERVICE

The undersigned certifies that on October 22, 2026, a true and correct copy of the foregoing Petition for Writ of Habeas Corpus (Emergency — Medical), with attachments, was served by email and U.S. mail, postage prepaid, as follows:

Tina Nieto, Sheriff-Coroner
Monterey County Jail (custodian of the ward)
1414 Natividad Road, Salinas, CA 93906
ADAHelp@countyofmonterey.gov
Jeanine Pacioni, District Attorney
142 W. Alisal Street, Suite A, Salinas, CA 93901

Monterey County Counsel
168 W. Alisal Street, 3rd Floor, Salinas, CA 93901

/s/ Terrance Walker
Terrance Walker

**ATTACHMENTS**

1. Booking/custody information: booking no. FN2607370 (arrest October 15, 2026, Seaside Police Department).
2. Louie Pereira, Custody Division ADA and Grievance Coordinator, letters of September 28, 29, and 30, 2026 (on Monterey County Sheriff's Office letterhead).
3. Medication-continuity and intake demands of October 18, 19, 20, and 22, 2026 (emails to ADAHelp@countyofmonterey.gov; Monterey County Behavioral Health; CARE mailbox).
4. Authorization for Release of Records, executed by [redacted], September 29, 2026.
5. Register excerpts (public-portal captures, October 22, 2026): Case No. 26CR000939 ("Found Incompetent," 2/5/2026; "Diversion Accepted," 2/18/2026; Return on Assessment, 3/18/2026) and Case No. 26CR009822 (arraignment and not-guilty plea, 10/19/2026; amended complaint and affidavit, 10/20/2026; calendar call, 10/28/2026; preliminary examination, 10/30/2026; media-coverage request, 10/21/2026).
6. County of Monterey Behavioral Health verified Opposition to Walker Motions, April 27, 2026 (Case No. 26CA000005), including the IST/diversion concession table and the conflict acknowledgment at page 10
7. Sun Street Centers/Hope Housing correspondence (Henry Gomez, Program Director), October 19, 2026.
8. Email exchange of March 19–21, 2026, between Terrance Walker and Alex Cardinale, Monterey County Public Defender (with highlighted statements).

## DEFENDANT TERRANCE WALKER'S REQUEST TO APPEAR REMOTELY

I, Terrance Walker, declare that I am the **Petitioner/Relator** in this action. I have been a continuous residing in **Ho Chi Minh City, Vietnam** and all over Asia since May 2022 and have not been in the United States since that date. It is a physical and financial impossibility for me to appear in person for this hearing. Furthermore, my residency is a matter of record in **Case No. 26CA000005** filed about 10 months ago. I have high-speed internet and am fully capable of appearing via **Zoom** to provide testimony. I am hereby giving notice that I intend to appear remotely.

By /s/ Terrance Walker
Terrance Walker, in propria persona Executed on October 22, 2026, at Ho Chi Minh City, Vietnam.

# PROOF OF SERVICE

**1. At the time of service I was at least 18 years of age am I am not a party to this legal action.**

**2. My residence or business address is Opal Gardens, St 20,** Unit C-1501, Opal Gardens, Duong 20 Hiep Binh Chanh Ward, Thu Duc City Ho Chi Minh City Vietnam

**3. I served a copy of the following documents (specify):**

**Petition for Writ of Habeas Corpus and Request for Remote Appearance**

**4. Service by Mail: I am familiar with the business practice of Terrance Walker for the collection and processing of correspondence for mailing. Under that practice, correspondence is for delivery to the USPS Service with the postage fully prepaid on the same day in the ordinary course of business. On October 22, 2026, I placed for collection and mailing the following documents to the parties at the addresses listed below:**

| Recipient Name | Address |
|---|---|
| Tina Nieto, Sheriff-Coroner | Monterey County Jail (custodian of the ward)<br>1414 Natividad Road, Salinas, CA 93906 |
| Jeanine Pacioni, District Attorney | 142 W. Alisal Street, Suite A, Salinas, CA 93901<br>County Counsel |
| Monterey County Counsel | 168 W. Alisal Street, 3rd Floor, Salinas, CA 93901 |

**5. Date of Deposit:** October 22, 2026

**6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

**Date:** October 22, 2026

/s/Tien Walker

**Tien Walker**