# EXHIBIT 5

**Notice of August 14, 2026, from Terrance Walker to the District Attorney, Public Defender leadership, State Bar Intake, and legislative oversight, memorializing threats to refile stale charges**

This contemporaneous notice memorializes threats communicated through attorney Kelly Duncan of intent to file or add stale criminal charges against the ward, made directly following formal invocation of the standing IST stay, CARE Act priority of jurisdiction, and while a petition was pending before the California Supreme Court (Case No. S296638).

It was served on, among others, the District Attorney's office, the Public Defender's leadership (including Raymond Buenaventura), State Bar Intake, and state senators — fixing the date and recipients of the futility record.

The ward's name and the ward's email address, appearing throughout the original, have been redacted (black marks) to protect medical privacy; all dates, case numbers, addressees, and legal citations remain unredacted. The unredacted original is in Petitioner's custody and will be produced to the Court on request.

Terrance Walker <walkerbillion@gmail.com>

# NOTICE OF PROSECUTORIAL VINDICTIVENESS & RETALIATION: Bad-Faith Threat to Refile Stale Charges Following Formal Brady/IST Notices [redacted] - Failure of State Process - Case Nos 26CR001610, 26CR001517, and 26CR002692

**Terrance Walker** <walkerbillion@gmail.com> Fri, Aug 14, 2026 at 5:36 AM
To: odaym@countyofmonterey.gov, publicinformation@co.monterey.ca.us, kellyduncanlaw@aol.com, Shane Kelly <shanekellyado@outlook.com>, "Cardinale, W. Alex C." <CardinaleWA@countyofmonterey.gov>, "MCPD.CARE" <MCPD.CARE@countyofmonterey.gov>, "McDonald, Christi" <McDonaldC@countyofmonterey.gov>, "Buenaventura, Raymond" <buenaventurara@countyofmonterey.gov>, pam@mcweekly.com, Intake <Intake@calbar.ca.gov>, roland@solteszlaw.com, [redacted] <[redacted]>, senator.stern@senate.ca.gov, senator.niello@senate.ca.gov, senator.umberg@senate.ca.gov, [redacted] <knock[redacted]@gmail.com>

NOTICE OF PROSECUTORIAL VINDICTIVENESS & RETALIATION: Bad-Faith Threat to Refile Stale Charges Following Formal Brady/IST Notices

To District Attorney Janine Pacioni, Assigned Prosecutors, Kelly Duncan, Roland Soltesz, Christi McDonald, Public Defender Leadership, State Bar Intake, and Legislative Oversight:

Please be advised that this notice formally memorializes and responds to the recent threats communicated by the prosecution through attorney Kelly Duncan stating an intent to file or add "stale" criminal charges against my son, [redacted].

Executing or threatening superseding, refiled, or additional charges directly following our formal invocation of the standing **Incompetent to Stand Trial (IST) stay (Penal Code § 1370.01)**, the civil CARE Act priority of jurisdiction, exculpatory *Brady* disclosures, and our pending emergency petition before the **California Supreme Court (Case No. S296638)** and notice of forthcoming federal litigation introduces critical legal and ethical violations that will be immediately cited on the record:

**1. Prima Facie Prosecutorial Vindictiveness (*Blackledge v. Perry*)**

Under the United States Supreme Court doctrine established in ***Blackledge v. Perry*, 417 U.S. 21 (1974)** and Ninth Circuit authority in ***United States v. Nosal*, 828 F.3d 1076 (9th Cir. 2016)**, increasing charges or threatening new filings to penalize a defendant or their advocate for exercising constitutional, statutory, or appellate rights creates a legal presumption of unconstitutional prosecutorial vindictiveness. Threatening to weaponize stale complaints precisely when the state's sole witness is exposed for digital fraud and identity theft is a transparent attempt to force a waiver of due process.

**2. Violations of CRPC Rule 3.8 and Rule 3.3 (Candor to the Tribunal)**

Under **California Rules of Professional Conduct, Rule 3.8**, a prosecutor is ethically prohibited from prosecuting or threatening charges that they know are unsupported by probable cause or brought solely as punitive leverage. Refiling stale charges against a defendant who operates under an adjudicated IST finding—without prior competency restoration—violates the non-discretionary duty to stay proceedings mandated by ***Maxwell v. Roe*, 606 F.3d 561 (9th Cir. 2010)** and ***People v. Pennington*, 66 Cal.2d 508 (1967)**.

**3. Immediate Inclusion in Federal ADA Retaliation Action**

Under **42 U.S.C. § 12203 (the Anti-Retaliation and Anti-Coercion provisions of the Americans with Disabilities Act)**, it is unlawful to coerce, intimidate, threaten, or interfere with any individual exercising rights or aiding a disabled individual in asserting statutory protections. Using threats of refiled charges to compel an adjudicated disabled ward to abandon his court-supervised CARE Act clinical track (**Case No. 26CA000005**) constitutes direct, actionable disability retaliation.

**DEMAND AND NOTICE OF RECORD**

1. **Immediate Cease and Desist:** The District Attorney's office is formally requested to cease and desist from deploying retaliatory threats of refiling stale or un-vetted complaints to subvert active competency stays and CARE Act jurisdiction.

2. **Inclusion in Pending Federal *Ex Parte* Filing:** This exact threat of charge escalation is being added directly to Section III ("Bad Faith and Futility Exception to Younger Abstention") of our *Ex Parte* Application for Temporary Restraining Order in the **U.S. District Court for the Northern District of California** as conclusive evidence of municipal bad faith

3. **State Bar & Grand Jury Supplement:** This communication, detailing the threat to refile stale charges via counsel, is being forwarded directly to the **State Bar Enforcement Division (Intake@calbar.ca.gov)** and appended to our active **Monterey County Civil Grand Jury Complaint**.

All participating state legal actors are advised that continuing down this carceral track in the face of these notices continues to build the record of an unassailable **Failure of State Process**.

Sincerely,

Terrance Walker

Father / Next Friend and Statutory Supporter for [redacted]

On Fri, Aug 14, 2026 at 4:40 AM Terrance Walker <walkerbillion@gmail.com> wrote:

> FYI
>
> California law establishes three distinct rules governing contracts signed by individuals lacking mental capacity:
>
> **1. Entirely Void (No Legal Capacity)**
>
> If a person has been judicially declared of unsound mind (e.g., under a formal court conservatorship), they have **no capacity whatsoever** to contract. Any agreement signed by them is entirely **void** from the outset—not merely voidable.
>
> - **Primary California Authority: California Civil Code § 38**
>
>   *"After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor delegate any power or waive any right, until his restoration to capacity."*
>
> **2. Voidable (Subject to Rescission)**
>
> If the person has *not* been formally declared incompetent by a court, but was actually incapable of understanding the nature and consequences of the transaction at the time of signing, the contract is **voidable**. This means the agreement can be rescinded or canceled by the incapacitated individual (or their legal representative).
>
> - **Primary California Authority: California Civil Code § 39(a)**
>
>   *"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission..."*
>
> - **Rebuttable Presumption:** Under **Civil Code § 39(b)**, a person is rebuttably presumed to be of unsound mind if they are substantially unable to manage their own financial resources or resist fraud or undue influence.
>
> **3. General Legal Framework & Standard of Capacity**
>
> California law presumes that adults have the capacity to make decisions (**California Probate Code § 810**). However, for contracts, the legal standard requires that the individual understand the rights, duties, risks, and consequences created by the agreement (**California Probate Code § 812**).
>
> On Thu, Aug 13, 2026 at 10:15 AM Terrance Walker <walkerbillion@gmail.com> wrote:
>
>> Subject: NOTICE OF CONSTITUTIONAL INVALIDITY, DEMAND TO QUASH, & 10-DAY NOTICE OF FAILURE OF STATE PROCESS: Void Pretrial Revocation Petitions across Case Nos. 26CR001610, 26CR001517, and 26CR002692, etc.
>>
>> To Shane Kelly, Alex Cardinale, Christi McDonald, Assigned Prosecutors, and the Office of the Public Defender: