TERRANCE WALKER, Pro Se / Next Friend for ward A.B.
Unit C1501, Opal Gardens, Street 20, Hiep Binh Chanh Ward
Thu Duc City, Ho Chi Minh City, Vietnam
Telephone: (775) 971-8679 | Email: walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TERRANCE WALKER, individually, and as Next Friend & Statutory Supporter on behalf of A.B.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; CITY OF SEASIDE; CITY OF MARINA; JEANNETTE PACIONI; CHRISTI McDONALD, individually and as Deputy County Counsel; KATY GRANT, as Court Executive Officer; TINA NIETO, as Sheriff-Coroner; RANDY HOPKINS, as Chief of Police, Marina Police Department; NICHOLAS BORGES, as Chief of Police, Seaside Police Department; TARA HIGGINS; SCOTT ERDBACHER; SHANE KELLY; ROLAND SOLTESZ; ERIN BOYLAN; DAVID MIGDAL; EVAN GEORGE; SUSAN BLITCH; ALEX CARDINALE; RAYMOND BUENAVENTURA; OFFICE OF THE PUBLIC DEFENDER; DISTRICT ATTORNEY OF MONTEREY COUNTY; and DOES 1–20,<br><br>Defendants. | Case No.: 5:26-cv-12456-PCP<br><br>NOTICE OF NEW MATERIAL FACT AND SUPPLEMENTAL EXHIBITS (EXHIBITS 6 AND 7) TO THE SECOND (RENEWED) EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (MEDICATION CONTINUITY ONLY)<br><br>Assigned to: Hon. P. Casey Pitts |

Plaintiff Terrance Walker, next friend of ward A.B., respectfully files this Notice of New Material Fact to supplement the Second (Renewed) Emergency Ex Parte Application for Temporary Restraining Order (Medication Continuity Only) filed October 30, 2026 (the 'Renewed Application'), to which the Clerk and the Court are respectfully referred in its entirety.

**1.** On October 30, 2026, after the filing of the Renewed Application, the public registers of the Monterey County Superior Court for the dockets identified in this action were updated and captured by Plaintiff. Exhibit 6 is the capture for Case No. 26CR009822; Exhibit 7 consists of one capture for each of the seven remaining dockets: 26CR006600, 26CR001517, 26CR001610, 26CR002692, 26CR003635, 26CR004170, and 26CR004171. (The ward's name is redacted in the exhibits for medical privacy, as noted on the exhibits' cover pages.) The registers reflect, uniformly across all eight dockets: (a) proceedings suspended under Penal Code § 1368, recorded October 28, 2026 ('Proceedings Suspended - PC1368,' Department 02); and (b) a 'Report - Competency PC1368' calendared for December 2, 2026, at 8:30 a.m. (Department 02).

**2.** This new material fact bears directly on the Renewed Application in three ways. **First**, the state court has itself placed all eight dockets on the competency track under Penal Code §§ 1368–1370, under which evaluation and restoration proceed through psychiatric treatment; the County's ongoing withholding of A.B.'s prescribed psychotropic medication — which continues as of the filing of this Notice — directly obstructs those court-ordered processes. **Second**, the entries confirm that nothing sought in the Renewed Application interferes with any state-court proceeding: the state court has already suspended proceedings on its own registers, and the Renewed Application seeks no stay of anything. **Third**, the entries supply register-level confirmation that the relief sought — preservation of the medication regimen on which any competency evaluation depends — is urgent and concrete, with court-ordered competency reports now fixed for December 2, 2026.

**3.** There is a fourth bearing, and it goes to the merits. If Plaintiff's claims lacked a likelihood of success — if the County's practices were lawful, routine, and unobjectionable — nothing in those practices would have changed. The record shows otherwise. A competency stay that not one of at least eleven appointed attorneys would assert in eight months was, within days of federal filings

bringing federal scrutiny to this exact record, placed on the registers by order of the state court itself — uniformly, across every docket. And the point deserves to be stated plainly: it took a regular citizen, filing pro se in federal court, to accomplish what eleven attorneys and the State Bar of California — presented with the same adjudication, the same verified conflict, and the same verified county — did not accomplish in eight months. The futility of the state process for this ward is not an argument; it is observable. And it begs the question that this record now poses for every similarly situated ward in this County: does the process work at all — or does it move only when someone is driven to federal court? This Notice takes no position on what caused the state court's action; but the sequence is of a piece with the futility record already before the Court, and it confirms that the relief sought here is neither hypothetical nor premature.

**4.** Finally, the premise of the October 29 Order has shifted on the face of the public record. *Younger* was invoked to protect ongoing state prosecutions from federal interference; but the registers now show every docket that was the premise of the October 29 Order suspended by the state court's own entries — facts judicially noticeable from the County's official website (Exhibits 6 and 7). *See* Fed. R. Evid. 201(b)(2); *United States ex rel. Robinson Rancheria v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Not one of the dockets that were the premise of the October 29 Order is, any longer, an ongoing prosecution in the sense *Younger* protects — each is suspended by the state court's own entry — and no federal order preserving a detainee's medication regimen would interfere with any proceeding, suspended or otherwise. Plaintiff notes this not to relitigate the relief denied at Dkt. No. 12, but because the doctrine's premise — live state proceedings with open remedies — is no longer what the public record shows, and the supplemental materials filed herewith should be assessed against the record as it now stands.

**5.** Plaintiff respectfully requests that the Court take this Notice and Exhibits 6 and 7 into consideration together with the Renewed Application and the papers filed in support thereof, and that the Renewed Application be presented for ruling as an emergency, the medication deprivation being ongoing and now standing in direct tension with state-court-ordered competency processes across all eight dockets.

Dated: October 30, 2026 (Indochina Time)

Respectfully submitted,

/s/ Terrance Walker

Terrance Walker, Pro Se

Next Friend for ward A.B.

I declare under penalty of perjury under the laws of the United States of America that the facts stated in this Notice are true and correct to the best of my knowledge, information, and belief; that I personally captured Exhibits 6 and 7 from the Monterey County Superior Court's official public portal on October 30, 2026, and personally verified the suspension entries across the registers of all eight dockets identified herein; and that the unredacted originals are in my custody and will be produced to the Court on request. Executed on October 30, 2026 (Indochina Time), at Ho Chi Minh City, Vietnam.