TERRANCE WALKER, Pro Se / Next Friend for ward A.B.
Unit C1501, Opal Gardens, Street 20, Hiep Binh Chanh Ward
Thu Duc City, Ho Chi Minh City, Vietnam
Telephone: (775) 971-8679 | Email: walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TERRANCE WALKER, individually, and as Next Friend & Statutory Supporter on behalf of A.B.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; CITY OF SEASIDE; CITY OF MARINA; JEANNETTE PACIONI; CHRISTI McDONALD, individually and as Deputy County Counsel; KATY GRANT, as Court Executive Officer; TINA NIETO, as Sheriff-Coroner; RANDY HOPKINS, as Chief of Police, Marina Police Department; NICHOLAS BORGES, as Chief of Police, Seaside Police Department; TARA HIGGINS; SCOTT ERDBACHER; SHANE KELLY; ROLAND SOLTESZ; ERIN BOYLAN; DAVID MIGDAL; EVAN GEORGE; SUSAN BLITCH; ALEX CARDINALE; RAYMOND BUENAVENTURA; OFFICE OF THE PUBLIC DEFENDER; DISTRICT ATTORNEY OF MONTEREY COUNTY; and DOES 1–20,<br><br>Defendants. | Case No.: 5:26-cv-12456-PCP<br><br>MOTION FOR PRELIMINARY INJUNCTION (ARREST VERIFICATION) AND FOR DECLARATORY RELIEF<br><br>(Fed. R. Civ. P. 65; 28 U.S.C. § 2201; 42 U.S.C. § 1983; U.S. Const. amends. IV, XIV)<br><br>Assigned to: Hon. P. Casey Pitts |

PLEASE TAKE NOTICE that Plaintiffs move for (1) a preliminary injunction requiring Defendants and their officers, agents, and employees to verify, before any arrest or detention of A.B., that any court order or warrant relied upon is active and undismissed, through CLETS/ERFS or direct confirmation from the issuing court; and (2) a declaratory judgment that Defendants' practice of arresting A.B. without such verification — and of holding him past the prompt-presentment requirements of the Fourth Amendment and Penal Code § 825 — violates the Fourth and Fourteenth Amendments to the United States Constitution.

**This motion is independent of, and fully segregable from, the Second (Renewed) Emergency Ex Parte Application (Dkt. No. 13).** That application seeks a single, medication-limited form of relief under the Eighth and Fourteenth Amendments as applied to pretrial detainees; this motion seeks relief directed solely at executive arrest and presentment practices under the Fourth and Fourteenth Amendments and rests on a distinct evidentiary showing. Neither motion depends on the other, and the Court may grant, deny, or hear either without regard to the other. Should the Court deem a hearing on this motion appropriate, however, Plaintiffs respectfully request that it be consolidated with any hearing on Dkt. No. 13, in the interest of judicial economy and the convenience of the parties. The factual allegations herein are drawn from the First Amended Complaint (Dkt. No. 1) and the exhibits filed with Dkt. Nos. 13 and 14 — specifically Exhibits 1 through 5 (filed with Dkt. No. 13) and Exhibits 6 and 7 (filed with Dkt. No. 14) — all of which are before the Court and to which the Court is respectfully referred.

**I. LEGAL STANDARD (U.S. Const. amends. IV, XIV; Fed. R. Civ. P. 65; 28 U.S.C. § 2201)**

A preliminary injunction requires immediate irreparable injury, a likelihood of success or serious questions going to the merits, and a balance of hardships and public interest favoring relief. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Injunctive relief against future arrest practices additionally requires a real threat of repeated violation — not past injury alone. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). That showing is made here by documented repetition, not speculation: two warrantless arrests in two months by two agencies, each premised on an order or

warrant that did not exist. Declaratory relief is available where an actual controversy exists. 28 U.S.C. § 2201; *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). State law may create a due process liberty interest protected by the Fourteenth Amendment. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

**II. THE RECORD SHOWS A PRACTICE, NOT AN ACCIDENT (U.S. Const. amend. IV)**

**A. September 11, 2026 (Marina Police Department) — Fourth Amendment: warrantless arrest without probable cause.** On August 12, 2026, Department 10 dismissed the sole underlying criminal matter, Case No. 25CR008355, register entry "Heard - Dismissed," terminating every order, term, and condition of supervision touching A.B. (Dkt. No. 1, ¶ 33). On September 11, 2026, Marina Police Department officers arrested A.B. (booking no. 2606535) on charges requiring a valid, existing order as an element — PC 166(c)(1) and PC 166(a)(4). None existed. He was held four days; no complaint was filed; no judicial probable-cause determination was ever made; on September 15, 2026, he was released on a "No File." (Dkt. No. 1, ¶¶ 34–35.) The County Sheriff's Office's own Custody Division ADA and Grievance Coordinator confirmed these operative facts on county letterhead on September 28, 2026 — the arresting agency, the charges, the four-day custody, the "No File" release, and the statement that his office has "no record... establishing an active warrant" (Dkt. No. 13, Ex. 3). The dispositive fact was in the county's own registry, retrievable in seconds.

**B. October 15, 2026 (Seaside Police Department) — Fourth Amendment: warrantless arrest without probable cause; unreasonable failure to investigate.** On October 15, 2026, Seaside Police Department officers arrested A.B. a third time (booking no. FN2607370), again on the accusation of the same complaining witness (Dkt. No. 1, ¶¶ 37–38). As A.B. communicated on October 27, 2026, through the Monterey County Jail's inmate messaging system: "The arresting officers didn't realize that the NCO was terminated until after I was booked at the seaside police office" (Dkt. No. 13 at 6; Dkt. No. 13-1 [Supplemental Declaration] ¶ 7). Verification — the "minimal further investigation" that would have exonerated him — occurred only after the arrest. *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988); *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir.

1986); *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999). He had himself called the police to report a battery — he was the reporting victim — and the municipal shelter video and the physical evidence contradicted the accusation against him; Plaintiff demanded that footage and those records in writing on October 21, 2026, with an evidence-preservation notice (Dkt. No. 13, Ex. 2; Dkt. No. 1, ¶ 41). Officers may weigh credibility; they may not ignore available and undisputed facts. *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1259 (10th Cir. 1998); *Romero v. Fay*, 45 F.3d 1472, 1476–77 (10th Cir. 1995).

**C. The arrest-first, verify-later cycle — Fourth Amendment (prompt judicial determination; *Gerstein, McLaughlin, Powell*) and Fourteenth Amendment (state-created liberty interest; *Oviatt*).** Defendants' practice is not merely negligent; it is a structured sequence: arrest on an unverified premise; hold the ward through a weekend; and only then — four days later, after the Fourth Amendment's prompt-presentment requirement has been violated — verify the premise, re-write the charging documents, or release him. Each link in that sequence is independently unlawful. Under the Fourth Amendment, a warrantless arrest must be followed by a prompt judicial probable-cause determination within forty-eight hours; intervening weekends and administrative convenience are not justification, and no state rule excluding non-judicial days from the calculation can dilute that constitutional floor. *Gerstein v. Pugh*, 420 U.S. 103, 114–25 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44, 56–58 (1991); *Powell v. Nevada*, 511 U.S. 79, 84 (1994) (per curiam) (quoting with approval the Nevada Supreme Court's declaration that a statute permitting an initial appearance up to seventy-two hours after arrest, with non-judicial days excluded from the calculation, is unconstitutional insofar as it extends the period beyond the Fourth Amendment's command). Critically for present purposes, the Supreme Court made clear in *Gerstein* itself that this constitutionally required determination is segregable from the criminal proceedings it precedes: rejecting the State's contention that the probable-cause question merges into the prosecution, the Court held that the Fourth Amendment "requires a timely judicial determination of probable cause as a prerequisite to detention" — a "single, fair-minded determination" that is no part of the trial process and need not await it. *Gerstein*, 420 U.S. at 119, 125. The probable-cause process is thus

severable by design: it stands apart from the state proceedings, and it can be required — and enforced — without touching them. *Younger v. Harris*, 401 U.S. 37 (1971), therefore cannot preclude relief on this issue. The concern that animated this Court's October 29 Order (Dkt. No. 12) — entered under *Younger* and *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), because the initial application sought to enjoin "eight pending California state criminal cases" — is not implicated here. The relief sought in this motion does not ask the Court to stay, supervise, or second-guess any prosecution: the verification duty it would impose binds executive officers only, the presentment right it would enforce is, by *Gerstein*'s own holding, independent of the proceedings it precedes, and — as the registers now show — the dockets described as pending in Dkt. No. 12 stand suspended by the state court's own entries (Dkt. No. 14, Exs. 6–7). Under the Fourteenth Amendment, California law requires presentment "without unnecessary delay and, in any event, within 48 hours after arrest," with Sundays and holidays excluded from the statutory computation — a state-created liberty interest the Due Process Clause protects. Penal Code § 825; *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); Dkt. No. 1, ¶ 39. Defendants have violated these requirements not once but three times: March 22–26, 2026 (four days' custody of the ward, then catatonic) (Dkt. No. 1, ¶¶ 31, 45; Dkt. No. 13, Ex. 2); September 11–15, 2026 (four days on the void orders, released "No File") (Dkt. No. 1, ¶¶ 34–35; Dkt. No. 13, Ex. 3); and October 15–19, 2026 (four days before any judicial officer saw him — the first arraignment posting Monday, October 19, on a complaint filed that same day and amended the next) (Dkt. No. 1, ¶ 39; Dkt. No. 13, Ex. 2; Dkt. No. 14, Ex. 6). Under *Powell*, the weekend exclusion Defendants relied upon could not lawfully extend any of those detentions to four days: the constitutional command was forty-eight hours, and it was violated three times. A practice thrice repeated is a policy; a policy that holds an incompetent ward four days — past the constitutional deadline, past the statutory deadline — on premises the government never bothered to check is wholly unconstitutional.

**III. THE PATTERN IS THE POLICY (U.S. Const. amends. IV, XIV; municipal liability under 42 U.S.C. § 1983)**

Two arrests, two agencies, the same omission, thirty-three days apart — three four-day detentions in eight months, each past the *Gerstein*, *Powell*, and § 825 deadlines (Dkt. No. 1, ¶¶ 31, 39, 44) — with A.B. remaining in custody on the October arrest as this motion is filed. The County operates no system requiring verification of the validity of orders or warrants before arrest; a county that arrests twice on void premises within two months, holds no record establishing any warrant (Dkt. No. 13, Ex. 3), and three times holds a disabled ward four days without presentment has demonstrated the real and immediate threat of repetition that *Lyons* requires, and the systemic failure that supports municipal liability under the First Amended Complaint's Count VI and the Monell custom it pleads (Dkt. No. 1, ¶¶ 46, 61–62). *McMurray v. Sheahan*, 927 F. Supp. 1082, 1090 (N.D. Ill. 1996); *Monell v. Department of Social Services*, 436 U.S. 658 (1978). And the register captures filed with Dkt. No. 14 confirm the County-wide scope: on October 28, 2026, every one of the eight dockets was marked "Proceedings Suspended - PC1368," with a "Report - Competency PC1368" calendared for December 2, 2026, at 8:30 a.m. in Department 02 (Dkt. No. 14, Exs. 6–7).

## IV. THE RELIEF REQUESTED IS NARROW AND STATUS-QUO PRESERVING

The injunction does not restrain lawful arrests; it requires only that before A.B. is arrested or detained on any court order or warrant, the arresting officer verify through CLETS/ERFS or the issuing court that the order or warrant is active and undismissed. It neither stays nor touches any state-court docket — as the register captures on file with Dkt. No. 14 reflect, all eight criminal dockets stand suspended under Penal Code § 1368 (Dkt. No. 14, Exs. 6–7) — and it imposes no affirmative duty on any Defendant beyond a records check that takes seconds. The balance of hardships and the public interest favor it: the cost is a terminal query; the alternative is a third arrest of an adjudicated-incompetent ward on a premise that does not exist.

The public interest runs in one direction here, and it is compounded by the medical record now before the Court. Every arrest and every four-day hold in this sequence has interrupted A.B.'s prescribed psychotropic medication regimen — and each such interruption is not a neutral custodial side effect but a recognized precipitant of psychiatric decompensation, as the federal government's own published literature confirms (Dkt. No. 13 at 8–9, citing NCBI Bookshelf NBK598502 and

NBK618768 (2025), judicially noticeable under Fed. R. Evid. 201(b)(2); *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010); *Askew v. Sec'y of Health & Human Servs.*, No. 10-767V, 2012 WL 2061804 (Fed. Cl. 2012)). Deliberate indifference to a serious medical need — including the withholding of prescribed psychiatric medication from a person in custody — violates the Eighth Amendment and, as applied to pretrial detainees, the Fourteenth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (Eighth Amendment; deliberate indifference to serious medical needs); *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) (Fourteenth Amendment objective standard for pretrial detainees); *Duvall v. County of Kitsap*, 260 F.3d 1164, 1170–71 (9th Cir. 2001); Dkt. No. 1, ¶ 45. The September deprivation was followed by a documented month-long illness (Dkt. No. 1, ¶ 40; Dkt. No. 13, Ex. 2); the October deprivation continues as this motion is filed (Dkt. No. 13-1 ¶ 3). An injunction that prevents a third arrest therefore does not merely protect A.B.'s Fourth Amendment rights — it protects his life and mind, it spares the County's jail, its clinicians, and its emergency responders the predictable costs of untreated psychosis in custody, and it serves the state court's own competency-restoration process, which proceeds through psychiatric treatment and which the state court has now ordered on all eight dockets (Dkt. No. 14, Exs. 6–7). Relief that aligns federal protection with the State's own clinical mandate is the strongest public-interest case an injunction can present.

Finally, this is a ward with no effective advocacy left to prevent the next arrest. His appointed counsel has stated in writing that she will be "standing back and letting that process happen as is ethically appropriate" (Dkt. No. 13, Ex. 4), and the office assigned to him carries a conflict of interest that the County's own verified filing concedes (Dkt. No. 1, ¶ 24; Dkt. No. 13, Ex. 5 at 2, citing the April 27, 2026 verified Opposition at 10). Between the County's arrest-first practices and this absence of advocacy, nothing stands between A.B. and a third arrest on a premise that does not exist — except this Court.

**WHEREFORE**, Plaintiffs respectfully request: (1) a preliminary injunction ordering Defendants, their officers, agents, and employees, before any arrest or detention of A.B. based on any court order or warrant, to verify through CLETS/ERFS or direct confirmation from the issuing court that the

order or warrant is active and undismissed, and to release A.B. immediately upon discovery that any such premise is void; (2) a declaratory judgment that Defendants' practice of arresting A.B. without such verification — and of holding him past the prompt-presentment requirements of the Fourth Amendment and Penal Code § 825 — violates the Fourth and Fourteenth Amendments; (3) if the Court deems a hearing appropriate, consolidation with any hearing on Dkt. No. 13 in the interest of judicial economy; and (4) such other relief as the Court deems just.

I declare under penalty of perjury under the laws of the United States of America that the facts stated in this motion are true and correct to the best of my knowledge, information, and belief; that the factual allegations herein are drawn from the First Amended Complaint (Dkt. No. 1) and the exhibits on file with Dkt. Nos. 13 and 14, which are true copies in my custody; and that the unredacted originals will be produced to the Court on request. Executed on November 1, 2026 (Indochina Time), at Ho Chi Minh City, Vietnam.

Dated: November 1, 2026 (Indochina Time)

Respectfully submitted,

/s/ Terrance Walker

Terrance Walker, Pro Se

Next Friend for ward A.B.