TERRANCE WALKER, Pro Se / Next Friend for ward A.B.
Unit C-1501, Opal Gardens, Street 20, Hiep Binh Chanh Ward
Thu Duc City, Ho Chi Minh City, Vietnam
Telephone: (775) 971-8679 | Email: walkerbillion@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TERRANCE WALKER, individually, and as Next Friend & Statutory Supporter on behalf of A.B.,

*Plaintiffs,*

v.

COUNTY OF MONTEREY; CITY OF SEASIDE; CITY OF MARINA; JEANNETTE PACIONI; CHRISTI McDONALD, individually and as Deputy County Counsel; KATY GRANT, as Court Executive Officer; TINA NIETO, as Sheriff-Coroner; RANDY HOPKINS, as Chief of Police, Marina Police Department; NICHOLAS BORGES, as Chief of Police, Seaside Police Department; TARA HIGGINS; SCOTT ERDBACHER; SHANE KELLY; ROLAND SOLTESZ; ERIN BOYLAN; DAVID MIGDAL; EVAN GEORGE; SUSAN BLITCH; ALEX CARDINALE; RAYMOND BUENAVENTURA; OFFICE OF THE PUBLIC DEFENDER; DISTRICT ATTORNEY OF MONTEREY COUNTY; and DOES 1–20,

*Defendants.*

) Case No.: 5:26-cv-12456-PCP

**SUPPLEMENTAL DECLARATION OF TERRANCE WALKER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ARREST VERIFICATION) AND FOR DECLARATORY RELIEF (DKT. NO. 17)**

[Fed. R. Civ. P. 65; 28 U.S.C. § 2201; 42 U.S.C. § 1983]

Assigned to: Hon. P. Casey Pitts

*Declaration Filed in Advance of Defendants' Opposition*

I, TERRANCE WALKER, declare as follows:

1. I am the Plaintiff in this action, individually and as next friend of the ward A.B. I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Injunction (Arrest Verification) and for Declaratory Relief (Dkt. No. 17), so that the following evidence is before the Court in advance of Defendants' opposition to that motion. I have personal knowledge of the facts stated below and, if called, could and would testify competently to them.

2. On November 2, 2026, I received a message from A.B. sent through the Monterey County Jail's inmate messaging system. Attached hereto as Exhibit 8 is a true and correct copy of that message, redacted. The redactions protect the medical and personal privacy of the ward — an adjudicated incompetent person — including his name and identifying details, consistent with Fed. R. Civ. P. 5.2 and this District's privacy practice; they remove argument, narrative, and medical-related content not material to the arrest-verification issue before the Court. Every passage quoted in this declaration appears unredacted in Exhibit 8, and the redactions do not alter the retained text in any way. The unredacted original is retained by the undersigned and will be lodged for in camera review, or produced under a protective order, upon the Court's direction.

3. As the unredacted system lines in Exhibit 8 show, the message was transmitted through the "Monterey County Sheriffs Office" inmate messaging system on "Monday, November 2, 2026 7:34 PM" — that is, from inside the County's own custody, on the County's own contractor-operated system, under the October 15, 2026 booking (no. FN2607370). It therefore confirms, as of November 2, 2026, both where A.B. is and that the injury the Motion addresses — detention premised on an unverified order — is active and ongoing.

4. In the retained, unredacted passages, A.B. states that "[t]he arresting footage will show officers discussing their confusion of the courts error of a 'NCO' appearing as they ran my name"; that while "in the squad car at the seaside police station," he "overheard officers discussing that there was no 'NCO' at the time"; and that the arresting officer identified in the message, Officer Zamundio, "believed his 'evidence' didn't need to be right, because he was under the false impression" that [A.B.] "was already under violation of a 'NCO' that showed up in his system" — a no-contact order that "was terminated more than a month prior."

5. That is the second documented instance in two months of precisely the practice the Motion asks this Court to enjoin: arrest first, verify later. (Dkt. No. 13, Ex. 3 (September 11, 2026 arrest on orders dismissed August 12, 2026, confirmed on County letterhead).) On October 15, 2026, an officer who simply *thought* there was "some sort of" no-contact order took the ward into custody without verifying that any such order existed; the verification occurred, if at all, only after booking. CLETS/ERFS verification takes seconds.

6. Defendant County of Monterey's most recent filing represents to this Court that "[t]he County has not verified A.B.'s custodial status, medical treatment, or any other allegations." (Dkt.

No. 18 at 2.) The names of three attorneys appear across that filing — the County Counsel, the Assistant County Counsel, and a Deputy County Counsel (Dkt. No. 18 at 1, 5) — all of them sitting in Salinas, in the county they represent, minutes from the jail. A pro se litigant in Ho Chi Minh City, Vietnam, confirmed the ward's custodial status in minutes, at no cost, through the County's own messaging system. The County's claimed ignorance is a choice, not a fact — and Exhibit 8 confirms both where A.B. is and that the violations at issue continue while the County declines to look.

7. And the claimed ignorance is not the County Counsel's alone; it runs through every office in the county, and it is selective. The attorneys tell this Court they have verified nothing (Dkt. No. 18 at 2). The police arrest an adjudicated-incompetent man on an order the arresting officer merely "thought" existed (Ex. 8; Dkt. No. 13, Ex. 3). The jail has held him eighteen days and counting under booking no. FN2607370, while the offices charged with disability (ADA) compliance profess to know nothing of his condition or even of his custody. The public defenders charged with his protection have, on information and belief, offered no explanation and obtained no release. Every office knows nothing — yet the machinery that arrests incompetents and jails them without explanation never stops running. That is a practice upheld by no civilized society — let alone in the United States under its Constitution.

8. This declaration supplements, and does not replace, the declarations and exhibits filed with Dkt. Nos. 13 and 14, and is submitted for the Court's consideration together with them under Fed. R. Civ. P. 65.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 3, 2026, at Ho Chi Minh City, Vietnam.

/s/ Terrance Walker

TERRANCE WALKER, Plaintiff, individually and as Next Friend for ward A.B.

EXHIBIT 8

Redacted copy of the message of the ward A.B. to Terrance Walker, transmitted through the Monterey County Sheriff's Office inmate messaging system on November 2, 2026, 7:34 p.m. (three pages, system printout). Redactions protect the ward's medical and personal privacy; all passages quoted in the declaration appear unredacted. The unredacted original is retained and will be lodged for in camera review or produced under protective order upon the Court's direction.

[redacted]

Monterey County Sheriffs Office

Monday, November 2, 2026 7:34 PM

[redacted] [redacted]

[redacted]

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

The arresting footage will show officers discussing their confusion of the courts error of a "NCO" appearing as they ran my name. Defendant was in the squad car at the seaside police station Ashe overheard officers discussing that there was no "NCO" at the time

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Zamundio believed his "evidence" didn't need to be right, because he was under the false impressionthat [redacted] was already under violation of a "NCO" that showed up in his system. But was terminated more than a month prior. [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]