TERRANCE WALKER, Pro Se / Next Friend for ward A.B.
Unit C-1501, Opal Gardens, Street 20, Hiep Binh Chanh Ward
Thu Duc City, Ho Chi Minh City, Vietnam
Telephone: (775) 971-8679 | Email: walkerbillion@gmail.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TERRANCE WALKER, individually, and as Next Friend & Statutory Supporter on behalf of A.B.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY; CITY OF SEASIDE; CITY OF MARINA; JEANNETTE PACIONI; CHRISTI McDONALD, individually and as Deputy County Counsel; KATY GRANT, as Court Executive Officer; TINA NIETO, as Sheriff-Coroner; RANDY HOPKINS, as Chief of Police, Marina Police Department; NICHOLAS BORGES, as Chief of Police, Seaside Police Department; TARA HIGGINS; SCOTT ERDBACHER; SHANE KELLY; ROLAND SOLTESZ; ERIN BOYLAN; DAVID MIGDAL; EVAN GEORGE; SUSAN BLITCH; ALEX CARDINALE; RAYMOND BUENAVENTURA; OFFICE OF THE PUBLIC DEFENDER; DISTRICT ATTORNEY OF MONTEREY COUNTY; and DOES 1–20,<br><br>Defendants. | **Case No.: 5:26-cv-12456-PCP**<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY AND SUPPLEMENTAL BRIEF IN SUPPORT OF SECOND (RENEWED) EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 13) AND MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 17)**<br><br>Assigned to: Hon. P. Casey Pitts |

Plaintiff respectfully submits this Notice of Supplemental Authority and Supplemental Brief, with Exhibits 9 through 13 and the accompanying Declaration of Terrance Walker, in support of both pending applications (Dkt. Nos. 13, 17). Exhibits 9 through 11 are three orders of this District in *Hernandez v. County of Monterey*, No. 5:13-cv-02354-BLF (N.D. Cal.); Exhibits 12 and 13 are the email transmissions of that application and of the Court's October 30 Order to every Defendant. No reply having been filed on the Motion for Preliminary Injunction (Dkt. No. 17), Civil Local Rule 7-3(d) presents no bar; as to the renewed TRO application (Dkt. No. 13), Plaintiff requests leave to the extent the rule requires it. The attached authority answers the only factual representation the County has offered in opposition: that it "has not verified A.B.'s custodial status, medical treatment, or any other allegations" (Dkt. No. 18 at 2) — an adjudicated-incompetent detainee's psychotropic medications, in the County's own jail.

2. Exhibit 9 is this District's Order Granting Plaintiffs' Motion to Enforce Settlement Agreement and Wellpath Implementation Plan, *Hernandez*, ECF No. 838 (filed September 26, 2023): enforcement granted, and the Jail's contracted healthcare provider adjudicated in civil contempt of forty-three requirements of the Settlement Agreement and Implementation Plan spanning medical, mental-health, and dental care, with a conditional coercive fine and six months to purge. (Ex. 9 at 26.) It also recounts the extensions of the Court's enforcement jurisdiction and neutral monitoring of the Jail's medical, mental-health, dental, and ADA systems (May 29, 2020; June 3, 2022, through August 2025). (*Id.* at 3–4.)

3. Exhibit 10 is this District's order of October 7, 2025, *Hernandez*, ECF No. 990. Even in declining to hold the County itself in contempt for its contractor's failures, the Court stated the operative fact: "Nearly a decade later, however, Court-appointed monitors continue to find that the Jail is not in compliance with agreed-upon requirements for medical care, mental health care, and dental care." (Ex. 10 at 1.) The same order records that the jail healthcare contract "expires at the end of 2025 and will not be renewed." (*Id.* at 2.)

4. Exhibit 11 is this District's Order Approving Amount of CFMG Civil Contempt Liability Settlement, *Hernandez*, ECF No. 1288 (January 26, 2026), approving a $2,470,000 settlement compensating Jail detainees for the contractor's violations of Court orders concerning minimum standards of care from May 27, 2016 through December 31, 2025 (Ex. 11 at 2–3, 5) — the eve of

the ward's current detention.

5. These orders foreclose the County's representation. A defendant whose jail has operated for a decade under court-approved medical and mental-health plans, five neutral monitors, and an adjudicated contempt record about the very medication-delivery systems at issue does not lack the ability to verify a detainee's medications; it possesses the records, the compliance reports, and the monitor findings. What it lacks is the will to look — and the County can identify and continue a detainee's medications on short order, the very function the *Hernandez* plans and monitors exist to compel, tonight as every night.

6. Exhibits 12 and 13 bear directly on the candor of Dkt. No. 18. The County represents that it "obtained the underlying pleadings and motion papers only through its independent review of the Court's electronic docket using PACER" (Dkt. No. 18 at 1) — as though its knowledge of this action arrived by chance — while admitting in the same paragraph that on October 30, 2026, Plaintiff emailed the Court's Order to the County's Clerk of the Board and County employees. (*Ibid.*) As the exhibits show: Plaintiff transmitted the renewed application, declaration, proposed order, and exhibits by email to every Defendant — including the County Counsel's Office at its own addresses (blitchsk@, McDonaldC@, and MigdalD@countyofmonterey.gov) (Ex. 12) — and served the Court's October 30 Order (Dkt. No. 15) on the same recipients on October 31, 2026 at 4:50 a.m. Indochina Time, fourteen hours ahead of Pacific Daylight Time — i.e., 2:50 p.m. Pacific on October 30, as the Court ordered (Ex. 13). A claim of chance discovery through PACER is irreconcilable with the County's admitted receipt of those transmissions. Candor here is personal to the signer: Rule 11 requires every paper to be signed "in the attorney's individual name" precisely "to bring home to the individual signer his personal responsibility." *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126 (1989). Dkt. No. 18 is signed in the individual name of a Deputy County Counsel (*id.* at 5), and the consequences of any want of candor in it run to that officer of the Court personally. The Court should remind counsel that a representation of institutional ignorance refuted by the client's own court-monitored records is not a costless litigation posture. Plaintiff requests that the Court (1) receive and consider Exhibits 9 through 13, (2) grant leave as to Dkt. No. 13 to the extent required, and (3) grant the medication-continuity relief sought (Dkt. Nos. 13, 17).

Dated: November 4, 2026

Respectfully submitted,

/s/ Terrance Walker
TERRANCE WALKER, Plaintiff,
individually and as Next Friend for ward A.B.