# EXHIBIT S

Email dialogue of March 19-21, 2026
(A. Cardinale / T. Walker; cc: C. McDonald, MCPD.CARE)

Ward's name and email address redacted — identified as “A.B.”

Gmail

Terrance Walker <walkerbillion@gmail.com>

## Judge Hulsey for March 23, 2026 arraignment for A.B. - SB27 / 1400 and Cares Act

**Terrance Walker** <walkerbillion@gmail.com> Sat, Mar 21, 2026 at 3:26 AM
To: "Cardinale, W. Alex C." <CardinaleWA@countyofmonterey.gov>
Cc: A.B. <[email redacted]>, "McDonald, Christi" <McDonaldC@countyofmonterey.gov>, "MCPD.CARE" <MCPD.CARE@countyofmonterey.gov>

Alex,

Your attempt to silo A.B.'s cases ignores the fundamental reality of his clinical condition and the 2026 legal landscape. Whether you or the "conflict counsel" choose to take direction from an AI or a law book is irrelevant—the **citations** are the law, and they are mandatory. Your unwillingness to follow these instructions can and will be noted by a lawyer I retain, leading to a subsequent bar complaint if circumstances warrant it.

**1. The Felony Referral Power (WIC § 5978):** You claim that CARE Act referrals and felony proceedings are mutually exclusive at this stage. This is legally incorrect as of January 1, 2026. **Welfare and Institutions Code § 5978 (amended by SB 27)** explicitly states that a court may refer an individual from **felony proceedings** to CARE Act proceedings. Judge Hulsey has this authority on Monday. To wait for a "new attorney" to evaluate the case while A.B. remains in a jail cell is a choice to ignore this immediate statutory bridge.

**2. The IST Continuity Doctrine:** You mentioned that Kelly Duncan represents him on the misdemeanors where IST was determined on 3/18. In California, a "doubt" as to competency is not case-specific; it is person-specific. These statues do not say the determination is based on a case number. If the court determined three days ago that A.B. lacks the capacity to understand the proceedings, that determination **"informs the full picture"** to the point of being dispositive. It is a violation of Due Process to proceed with a felony arraignment when a concurrent court has already found him incompetent.

**3. The "Standing Back" Fallacy:** You state you are "standing back" for ethical reasons. However, as the attorney of record on his CARE case, you have a duty to ensure that his criminal incarceration does not frustrate his civil CARE plan. Your office's failure to provide proper notice (using the **Seaside address**) is what led to the warrant and his current custody. You cannot "stand back" from a situation your office helped create through procedural negligence.

**My expectation for 1:30 PM Monday:** Regardless of who is "assigned," I expect the defense to move for an immediate **referral to CARE under WIC § 5978** and a **stay of the felony proceedings** based on the March 18th IST determination. If the Public Defender's office is unwilling to provide this zealous advocacy, I will ensure the record reflects your refusal to cite the applicable 2026 statutes.

**Terrance Walker** Designated Supporter

On Sat, Mar 21, 2026 at 3:20 AM Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov> wrote:

> Oh one more point, also my office doesn't represent him in his misdemeanors that already have been determined to be IST and you reference being on 3/18. In those cases he has Kelly Duncan, whom you've been aquatinted with I believe. Your son will need to continue to work with her on those. I believe he has a next date on that 4/15. That IST determination doesn't necessarily determine what the new and different conflict counsel that will be assigned Monday will do with the new felony and misdemeanor cases on then, but it does obviously inform the full picture.
>
> I'll try again here, if anything is left of either of those sets of criminal cases that needs something from CARE court I'll become back involved (as in maybe he's not guilty and it's better for him to beat them at trial and then there's nothing left of them to refer anywhere, maybe he needs another IST evaluation and they decide to proceed that way, etc ). Until then though, conflict

counsel will need to determine how they think it's appropriate. I'll be standing back and letting that process happen as is ethically appropreate on cases I don't represent him on. But also a related point is that none of the at least three defense attorneys involved here actually represent you personally or are going to be taking legal direction from an AI bot over our oun concerted legal judgement of each individual situation. You (and your bot) make many good legal points, but your son's situation is complex and each case will need to be given the individual professional attention it deserves, which it will be.

All the best, Alex

Sent via the Samsung Galaxy Z Fold7, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov>
**Sent:** Friday, March 20, 2026 12:44:12 PM
**To:** Terrance Walker <walkerbillion@gmail.com>
**Cc:** A.B. <[email redacted]>; McDonald, Christi <McDonaldC@countyofmonterey.gov>; MCPD.CARE <MCPD.CARE@countyofmonterey.gov>
**Subject:** Re: Judge Hulsey for March 23, 2026 arraignment for A.B. - SB27 / 1400 and Cares Act

As I've said, I won't be there. Please reread my emails explaining what will happen again, because you keep demanding I do something that is already in progress. Conflict counsel will likely be in touch on these criminal matters and your son and s/he will be able to decide how to proceed from there.

Sent via the Samsung Galaxy Z Fold7, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Terrance Walker <walkerbillion@gmail.com>
**Sent:** Friday, March 20, 2026 12:34:58 PM
**To:** Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov>
**Cc:** A.B. <[email redacted]>; McDonald, Christi <McDonaldC@countyofmonterey.gov>; MCPD.CARE <MCPD.CARE@countyofmonterey.gov>
**Subject:** Re: Judge Hulsey for March 23, 2026 arraignment for A.B. - SB27 / 1400 and Cares Act

Alex, 'referring to previous emails' does not address the fact that a **PC 1370.01 Return on Assessment** occurred on March 18th—a fact your office seemingly missed. Furthermore the fact that felonies are now covered by SB 1400 is something you all have missed.
Also, the fact that Judge Husley is adept at mental health litigation, is something that you have missed.

By ignoring this (or presenting bizarre takes on these issues) as well as the Seaside address error (when my son has had no valid address there for years) you are consenting to a Due Process violation. I have already drafted a **Notice** for Judge Hulsey and the Alternate Defender. If you do not move to stay proceedings and recall the warrant at 1:30 PM, the record will reflect your failure to cite the 2026 'Bridge' statutes and my son's right to present his current mental health determinations (already on file) which are a matter of court record. I look forward to your withdrawal on Monday. If not please refer to my previous emails as well

On Sat, Mar 21, 2026 at 2:24 AM Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov> wrote:

> This was addressed in previous emails. Please refer to those, they do answer all of this.

Sent via the Samsung Galaxy Z Fold7, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Terrance Walker <walkerbillion@gmail.com>
**Sent:** Friday, March 20, 2026 12:19:12 PM
**To:** Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov>
**Cc:** A.B. <[email redacted]>; McDonald, Christi <McDonaldC@countyofmonterey.gov>; MCPD.CARE <MCPD.CARE@countyofmonterey.gov>
**Subject:** Re: Judge Hulsey for March 23, 2026 arraignment for A.B. - SB27 / 1400 and Cares Act

**This Message Is From an External Sender**
[CAUTION: This email originated from outside of the County. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Alex,

Your argument for "siloing" these cases is a direct violation of the legislative intent of **SB 1400** and **PC § 1370**.

1. **The "Existing Doubt" Doctrine:** You claim he has not been found incompetent "in these particular cases." However, once a "doubt" has been declared and an assessment is ordered—as it was on **March 18, 2026, in Case 26CR000939**—that doubt attaches to the *individual*, not just the case number. It is a violation of judicial economy and A.B.'s Due Process rights to proceed with a new arraignment on a felony when the court is already on notice that his competency is in question.

2. **Mandatory Coordination:** Under the 2026 standards of **SB 1400**, when a defendant has a pending **PC 1370.01 assessment** and a **CARE Act petition**, the court in a new matter is obligated to coordinate with the existing mental health track.

3. **The "Alternative Placement" Finding:** I draw your attention again to **PC § 1370(a)(1)(G)(ii)**. Even at arraignment, if the court is made aware of the March 18th assessment, the judge has the authority to make a finding that an **Alternative Placement** (CARE/Residential) is more appropriate than jail.

If your "strategy" for Monday is to allow a new felony arraignment to proceed as if the March 18th assessment doesn't exist, you are effectively consenting to the unlawful "warehousing" of a mentally ill client.

**I am formally requesting that you:**

- Move to **consolidate** all pending matters for a single competency/CARE Act evaluation on Monday.
- Move to **stay the new felony proceedings** based on the existing March 18th assessment.
- Inform the court of the **Seaside address error** that led to the defective 02/26 warrant.

If you are unwilling to cite the 2026 "Bridge" statutes, I expect your formal withdrawal at 1:30 PM so the Alternate Defender can address these statutory mandates.

I and A.B. will be prepared to file bar complaints based on your inability to apply black letter law.

On Sat, Mar 21, 2026 at 2:10 AM Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov> wrote:

> He has not been found incompetent in these particular cases. Please refer to my previous answers.
>
> Sent via the Samsung Galaxy Z Fold7, an AT&T 5G smartphone
> Get Outlook for Android

---

**From:** Terrance Walker <walkerbillion@gmail.com>
**Sent:** Friday, March 20, 2026 12:06:10 PM
**To:** Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov>; A.B. <[email redacted]>; McDonald, Christi <McDonaldC@countyofmonterey.gov>; MCPD.CARE <MCPD.CARE@countyofmonterey.gov>
**Subject:** Re: Judge Hulsey for March 23, 2026 arraignment for A.B. - SB27 / 1400 and Cares Act

As of the **2024/2025 legislative updates** (which are integrated into the 2026 Penal Code), the law specifically addresses the scenario where a felony defendant is also a candidate for the CARE Act:

> *"If the defendant is charged with a **felony** [...] the court may, upon a finding of incompetence, refer the defendant to a **CARE Act program** pursuant to Section 5978 of the Welfare and Institutions Code, if the court finds that the referral will promote the defendant's restoration to mental competence."*

leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?sectionNum=1370.&lawCode=PEN

[When Christi McDonald tells you that "PC 1370.01 only applies to misdemeanors," she is technically correct about that *specific* subsection, but she is **omitting the fact that SB 1400 added nearly identical language to the felony statute (PC 1370).**

**You need to update your legal takes. You should have access to lexis or AT THE VERY LEAST check the new legislation**

leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?sectionNum=1370.&lawCode=PEN

### The Formal Citation

**California Penal Code § 1370, subdivision (a)(1)(G)(ii)**

### The Statutory Language

This section of the Penal Code dictates what a judge must do when deciding where to send a defendant who has been found incompetent to stand trial (IST). The law explicitly states:

> *“The court shall state the reasons for its selection of the facility or program for the defendant’s treatment [...] and shall make **specific findings on the record that an alternative placement would provide more appropriate treatment for the defendant and would not pose a danger to the health and safety of others.**”*
>
> leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?sectionNum=1370.&lawCode=PEN

---

### Why This is the "Key to the Jail Cell" on Monday

Its incompetent to argue that the process must be slow and that felonies are handled differently. **PC 1370(a)(1)(G)(ii)** is the "Equalizer." It provides the judge with the explicit authority—and a mandatory requirement—to justify why a person is being placed in a specific facility.

If the defense (or the Supporter) presents evidence that a facility like **Manzanita House**, **Genesis House**, or **Sun Street Centers** is a "more appropriate" clinical environment than a jail cell, the judge **must** consider it. To get A.B. into one of these programs on Monday, the following three-step legal argument should be made to Judge Hulsey:

1. **The Clinical Finding:** Reference the **March 18, 2026, PC 1370.01 Return on Assessment** (Case 26CR000939). This assessment already provides the "clinical foundation" that he requires stabilization, not just incarceration.
2. **The "More Appropriate" Finding:** Argue that because he is already a candidate for the **CARE Act**, a community-based residential program is the "more appropriate" placement for his restoration to competency under **PC 1370(a)(1)(G)(ii)**.

leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?sectionNum=1370.&lawCode=PEN

3. **The "No Danger" Finding:** Highlight his history of participation (or lack of violent felony history) to show that he "would not pose a danger to the health and safety of others" if placed in a residential treatment center instead of a locked jail.

   leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?sectionNum=1370.&lawCode=PEN

### The "Alternative Placement" Strategy

The term **"Alternative Placement"** in this statute refers to anything that is not a state hospital or a jail-based restoration program. This includes:

- **CARE Act Programs**

  leginfo.legislature.ca.gov/faces/codes_displaySection.xhtml?sectionNum=1370.&lawCode=PEN
- **Residential Treatment Centers** (like the ones in Seaside/Salinas)
- **Outpatient Diversion**

If Judge Hulsey makes these "specific findings on the record," the county is legally obligated to transport him to that alternative placement.

---

### Why This Matters for Monday's Arraignment

Christi McDonald's argument that "PC 1370.01 only applies to misdemeanors" is a tactical half-truth. While she is correct about that specific section, she is ignoring that **PC 1370** (the felony version) contains the **exact same bridge to the CARE Act.**

By citing **PC 1370(a)(1)(B)(v)**, you are proving to the court that:

1. **Felonies are NOT an excuse to skip CARE:** The law explicitly allows felony defendants to be referred to the CARE Act.
2. **Judicial Economy:** Since Department 10 just held a "Return on Assessment" on **March 18th**, the court *already* has clinical evidence of his condition. It is a waste of state resources and a violation of A.B. 's rights to start the process over or ignore it because of a new felony filing.

This is not a matter of PERSPECTIVE. This is BLACK LETTER law.

]

On Fri, Mar 20, 2026 at 10:58 PM Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov> wrote:

> Listen,
> I do the MDO calendar with her right now, and have known her for 25 years, tried cases with her in every court since she was a new prosecutor. She's a nice lady and a responsible judge, but I wouldn't have any hope she's helpful to this or has any particular special understanding of mental illness. But again, she's only with us the one hearing. After that, by last name he'll be in D2.
>
> None of the various stuff your citing is relevant yet. A criminal attorney will be assigned in that court, s/he will evaluate the case. That person, given your extensive emails (about how he's the victim, etc) might feel they need to go several different ways because they in their

judgement they think that's best. If at the end of all that there is still a case needing a IST or CARE transfer then that will likely be what will occur.

As I said, there is a lot of ways this case can go away, it won't be my case. Stay tuned

All the best, Alex

Sent via the Samsung Galaxy Z Fold7, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Terrance Walker <walkerbillion@gmail.com>
**Sent:** Friday, March 20, 2026 3:50:09 AM
**To:** Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov>
**Cc:** A.B. <[email redacted]>; MCPD.CARE <MCPD.CARE@countyofmonterey.gov>; McDonald, Christi <McDonaldC@countyofmonterey.gov>
**Subject:** Re: Judge Hulsey for March 23, 2026 arraignment for A.B. - SB27 / 1400 and Cares Act

A.B. here are **The Three Key Questions you need to be asking the people on your cases**

1. **On Timing (PC 1001.36):**

1. "Since **Penal Code § 1001.36** explicitly states that a motion for mental health diversion can be made **'at any stage'** of the proceedings, why aren't we moving for a stay or referral to the CARE team immediately in Dept 1, rather than waiting for a later hearing?"

2. **On Consolidation (PC 954):**

"Given that I have an existing mental health deferment on file for a case from the same timeframe, will you be filing a **Motion to Consolidate** under **Penal Code § 954** today? This would allow the court to bridge these new cases into my active treatment plan right now."

3. **On the SB 27/SB 1400 "Bridge":**

"If the goal is to focus on my treatment, how does entering a standard plea today facilitate the 'bridge' provided by **SB 27 and SB 1400**? I want to ensure we aren't creating unnecessary 'steps' that delay the mandatory referral to the CARE team or Dept 10."

Supporter of next friend of A.B.

On Fri, Mar 20, 2026 at 3:38 PM Terrance Walker <walkerbillion@gmail.com> wrote:

> A.B. if your "team" doesn't do they are half-stepping and are being either pushed to do something that's not in your best interest or are being lazy.
>
> I've received no legit reason why SB 27 / Sb 1400, do not apply to your exact situation which allows the criminal court to bridge the civil court. It's explicitly written into the cares act and applicable now.
>
> Accept nothing less and be prepared to join in a bar complaint if she simply lets you go into this prosecution when you're already diagnosed and have on file a mental health deferment from a case arising from the same time frame.
>
> On Fri, Mar 20, 2026 at 3:31 PM Terrance Walker <walkerbillion@gmail.com> wrote:
>
>> FYI.
>> You're not dealing with an uneducated run of the mill person in Amerikkka. I've worked for lawyers and I understand constitutional process and procedures quite well. I've also got a few published cases. We aren't taking any excuses for subpar representation. Push for the law as written or withdraw. In sum

fast-track A.B. 's referral from the criminal track to the CARE track under **SB 27 / 1400/ PC 1307.01**

**Respectfully**
Terrance Walker, Supporter of record for A.B.

On Fri, Mar 20, 2026 at 3:27 PM Terrance Walker <walkerbillion@gmail.com> wrote:

Thank you for the clarification on the courtroom logistics. However, I must disagree with the characterization that **Judge Hulsey's** expertise in **Mentally Disordered Offenders (MDO)** is irrelevant to this matter.

While the CARE Act and MDO are distinct legal categories, they share the same clinical foundation: severe, untreated psychosis. Judge Hulsey's decade of experience with MDO cases means she possesses a sophisticated understanding of the very stability and housing needs A.B. currently lacks. To treat her courtroom as merely a place to "recall warrants" ignores the specific authority granted to her under **Senate Bill 27**. This is black letter law!

Under **SB 27**, a criminal judge in an arraignment department has the explicit power to bridge the gap between a criminal case and a pending CARE petition. If we wait for the case to bounce to Department 2 and then back to the "usual team," we are essentially consigning A.B. to weeks or months in a jail cell waiting for a "spot" to open up at a facility like **Sun Street** or **Genesis House**.

**My specific expectations for Monday are as follows:**

1. **SB 27 Intervention:** I expect the defense to move for an immediate referral or coordination with the CARE team *while* the case is in front of Judge Hulsey. We should not be waiting for a hearing in Department 2 to begin the clinical placement process.
2. **MDT Involvement:** Regardless of which "court" the team is used to, the **Welfare and Institutions Code (§ 5980)**mandates my involvement as a Supporter in the Multi-Disciplinary Team (MDT). I expect a schedule for these meetings immediately following the arraignment.
3. **Housing Priority:** We cannot focus on "treatment" if he is unhoused in a jail cell. I am requesting that the team present Judge Hulsey with a specific plan for **Manzanita House** or **Door to Hope** on Monday, leveraging the fact that she understands the high stakes of MDO-level stabilization.

I will be appearing remotely on Monday to ensure that the "many steps in the process" do not become a justification for further delay.

If you're going to drop the ball on SB 27 and allow the court to simply do whatever I suggest that you withdraw because I will be tempted to do a bar complaint.

Sincerely,

Terrance Walker Designated Supporter

On Fri, Mar 20, 2026 at 2:28 PM Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov> wrote:

Because the CARE team typically goes to a different court. MDO is an entirely different thing, irrelevant to this. Judge Huslsy will only be where he'll be Monday to get the warrants recalled and the cases assigned and scheduled. After that he'll be in Dept 2 for a hearing or two before likely all the cases will end up back where the team is used to being. There's a lot of steps in the process. Mostly your son will be focusing on his treatment while all that occurs.

Sent via the Samsung Galaxy Z Fold7, an AT&T 5G smartphone
Get Outlook for Android

---

**From:** Terrance Walker <walkerbillion@gmail.com>
**Sent:** Thursday, March 19, 2026 10:34:27 PM
**To:** A.B. <[email redacted]>; MCPD.CARE

<MCPD.CARE@countyofmonterey.gov>; Cardinale, W. Alex C. <CardinaleWA@countyofmonterey.gov>; McDonald, Christi <McDonaldC@countyofmonterey.gov>
**Subject:** Judge Hulsey for March 23, 2026 arraignment for A.B. - SB27 / 1400 and Cares Act

Monterey Court records show online that A.B. is scheduled for arraignment in front of a long-time judge. Judge Hulsey has presided over Department 1 for over a decade and was the Assistant District Attorney for 16 years. Given her specific expertise in **Mentally Disordered Offender (MDO)** cases, why my son was told by the team that they were unfamiliar with her bench? How does the team plan to leverage her specialized knowledge of clinical psychosis to fast-track A.B. 's referral from the criminal track to the CARE track under **SB 27 / 1400/ PC 1307.01?**

**Respectfully**
Terrance Walker, Supporter of record for A.B.