UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRANCE WALKER,
Plaintiff,

v.

COUNTY OF MONTEREY, et al.,
Defendants.

Case No. 26-cv-12456-PCP

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, SCREENING COMPLAINT, AND RULING ON PENDING MOTIONS**

Re: Dkt. Nos. 2, 13, 17, 22, 23, 28, 37

Plaintiff Terrance Walker proceeds pro se in this case, attempting to litigate on behalf of his adult son, A.B. Mr. Walker has filed various motions, including a motion for a temporary restraining order (TRO) and for a preliminary injunction. Mr. Walker also moves to proceed in forma pauperis. The Court now screens Mr. Walker's second amended complaint as required by 28 U.S.C. § 1915(e)(2) and addresses each of Mr. Walker's outstanding motions.

## BACKGROUND

A.B. is currently in custody in the Monterey County Jail with several criminal charges pending against him. Mr. Walker contends that the jail is not providing A.B. his prescribed medication. He also argues that A.B. has been repeatedly arrested without probable cause and because he has not received a probable cause determination under *Gerstein v. Pugh*, 420 U.S. 103 (1975). Mr. Walker claims that California state courts have previously adjudicated A.B. incompetent to stand trial.

## ANALYSIS

### I. Mr. Walker's application to proceed in forma pauperis is granted.

28 U.S.C. § 1915 permits a court to authorize a plaintiff to proceed in forma pauperis if the plaintiff shows that they cannot afford the fees necessary to pursue an action. *See* 28 U.S.C. § 1915(a)(1). Mr. Walker's application to proceed in forma pauperis establishes that he is unable

United States District Court
Northern District of California

to pay the Court's filing fee due to a lack of employment, savings, or other financial resources. *See* Dkt. No. 2, PageID 24–27. Pursuant to 28 U.S.C. § 1915(a)(1), the Court grants Mr. Walker's application to proceed in forma pauperis.

**II. The Court screens Mr. Walker's second amended complaint and orders service of the complaint on defendants.**

The Court must screen every civil action brought in forma pauperis under § 1915 and must dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). The dispositive inquiry is whether Mr. Walker's second amended complaint "has alleged even one cognizable claim." *Bhandary v. Ghatak*, 840 F. Supp. 3d 1352, 1355 (N.D. Cal. 2026); *see also Jackson v. Telus Int'l (US) Corp.*, No. 26-cv-00337, 2026 WL 782440, at *1 n.1 (D. Nev. Mar. 18, 2026) ("[I]t suffices to survive screening that Plaintiff has stated one claim.").

Mr. Walker's second amended complaint alleges at least one cognizable claim. The Fourteenth Amendment protects pretrial detainees against deliberate indifference as to their serious medical needs. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). "[F]ailing to provide a prisoner with necessary psychotropic medication[] can amount to deliberate indifference to serious medical needs." *Henry A. v. Willden*, 678 F.3d 991, 1001 (9th Cir. 2012). Here, Mr. Walker alleges that defendants have failed to arrange continuity of A.B.'s prescribed psychotropic medications and that A.B. has fallen severely ill while in custody. At this earliest stage of litigation, these deliberate indifference allegations survive screening. Accordingly, the Court need not yet consider the complaint's other allegations. *See Bhandary*, 840 F. Supp. 3d at 1355. The Clerk of Court is directed to issue the summons and forward it to the United States Marshall to serve the second amended complaint on defendants. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Because the Court "screens the complaint without the benefit of the adversarial process," "[n]othing in this order should be construed as precluding" a motion to dismiss any of Mr. Walker's claims, including the deliberate indifference claim. *Jackson*, 2026 WL 782440, at *1 n.1.

United States District Court
Northern District of California

**III. The Court grants Mr. Walker's motion to file exhibits to supplement his TRO motion and denies Mr. Walker's TRO motion.**

Mr. Walker has moved to supplement his TRO motion with various exhibits. *See* Dkt. No. 22. Given that the Court "may rely on declarations, affidavits, and exhibits" when it is "deciding whether to issue a temporary restraining order," *Weston v. WIP 800 J Lofts*, No. 25-cv-02364, 2025 WL 2424333, at *2 (E.D. Cal. Aug. 22, 2025), the Court GRANTS Mr. Walker's motion and will consider Mr. Walker's exhibits.

Mr. Walker's TRO motion seeks "an order enjoining Defendants from interfering with the continuity of psychotropic and other medications currently prescribed." Dkt. No. 13, PageID 58. The Court previously ordered defendants to respond to Mr. Walker's motion, and the County of Monterey has filed a declaration from the Health Services Administrator at the Monterey County Jail, Leo Rangel. Mr. Rangel declares under penalty of perjury that A.B.'s "ongoing medical needs and prescriptions are being appropriately addressed consistent with the applicable standard of care" and that A.B. "is offered medication as prescribed." Dkt. No. 32-1, PageID 1004. Mr. Walker has not produced convincing evidence to rebut that declaration. To the contrary, Mr. Walker's own exhibits include a communication from A.B.'s counsel in the state criminal proceedings, who states that A.B. "is being given medication in jail." Dkt. No. 22-2, PageID 242. At this stage Mr. Walker has not shown that he is likely to succeed on the merits of his deliberate indifference claim, *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008), and the Court DENIES Mr. Walker's motion for a TRO.

**IV. The Court denies without prejudice Mr. Walker's motion for a preliminary injunction.**

Separate from his motion for a TRO, Mr. Walker has moved for a preliminary injunction "requiring Defendants and their officers, agents, and employees to verify, before any arrest or detention of A.B., that any court order or warrant relied upon is active and undismissed." Dkt. No. 17, PageID 118. Mr. Walker's motion argues that defendants have violated the Fourth Amendment by repeatedly arresting A.B. without probable cause and by failing to make a probable cause determination as required by *Gerstein v. Pugh*, 420 U.S. 103 (1975). Before the

United States District Court
Northern District of California

Court may reach the merits of Mr. Walker's Fourth Amendment arguments, however, Mr. Walker must show that he may litigate these claims on A.B.'s behalf.

Mr. Walker has not yet made that showing. Mr. Walker's ability to appear pro se is "personal to him," and he lacks "authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Indeed, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). While an individual may sometimes sue on behalf of a third party as a next friend, *see Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990), or when the third party is incompetent, *see* Fed. R. Civ. P. 17(c), Mr. Walker has not established that either of these privileges encompasses the ability to represent the third party pro se. And even if it does, Mr. Walker has not yet established that he satisfies the requirements of either privilege. Accordingly, the Court DENIES without prejudice Mr. Walker's motion for a preliminary injunction.

To proceed with this litigation, Mr. Walker must notice a motion to litigate on A.B.'s behalf that specifically addresses whether he has the ability to proceed pro se on A.B.'s behalf. Mr. Walker may renew his request for a preliminary injunction if and only if the Court determines that he has the ability to represent A.B. in these proceedings and that he either may do so *pro se* or has retained an attorney to represent him. The motion must comply with the Court's Civil Local Rules, including the requirement that it be noticed for hearing at least 35 days in advance. Civ. Loc. R. 7-2(a).

**V. The Court denies without prejudice Mr. Walker's motion for expedited discovery.**

Mr. Walker moves for expedited discovery of information relating to A.B.'s arrests. Dkt. No. 23. Because Mr. Walker has not established that he may proceed pro se on A.B.'s behalf, the Court DENIES Mr. Walker's motion without prejudice. Mr. Walker may renew his request for expedited discovery if and only if the Court determines that he has the ability to represent A.B. in these proceedings.

**VI. The Court grants Mr. Walker's motion to supplement the complaint and file several documents under seal.**

Mr. Walker moves to supplement his complaint with various exhibits. Dkt. No. 28. He also moves to file the documents with A.B.'s full name redacted, and to file under seal two sealed documents from state court proceedings pertaining to A.B.'s mental health care plan. *See* Dkt. Nos. 28-7, 28-8, 28-9, 28-10, and 29-11. The Court GRANTS Mr. Walker's motion to supplement the complaint and to file the designated exhibits under seal.

**VII. The Court denies Mr. Walker's motion to strike the City of Seaside's response.**

Mr. Walker moves to strike the City of Seaside's response to his motion for a preliminary injunction, Dkt. 36, insofar as that response relates to his motion for a TRO. He argues that the City of Seaside's response was untimely. *See* Dkt. No. 37. Given that the Court has already denied Mr. Walker's motion for a TRO, his motion to strike the City of Seaside's filing as it pertains to that TRO is DENIED as moot.

**VIII. The Court reminds Mr. Walker of his Rule 11 Obligations.**

Finally, the Court reminds Mr. Walker of his obligation under Federal Rule of Civil Procedure Rule 11(b) to ensure that his "factual contentions" have, or will likely have, "evidentiary support." Some of the assertions in Mr. Walker's filings are false. For example, Mr. Walker's reply in support of his TRO motion claimed that the County of Monterey filed its response to the TRO motion "on the fourth business day after this Court ordered [a response]." Dkt. No. 19, PageID 140. In reality, however, the Court issued an order requiring a response on Friday, October 30, 2026, and the County filed a response the morning of Monday, November 2, 2026. Dkt. No. 15, PageID 113; Dkt. No. 18, PageID 135. That is hardly one full business day. Indeed, even counting the weekend, it was the third day after the Court ordered a response. Mr. Walker is reminded that even relatively minor misstatements of the record may undermine his credibility. If Mr. Walker submits to the Court further false or unreasonably exaggerated statements, the Court may exercise its Rule 11(c)(3) authority and order Mr. Walker to show cause why sanctions should not issue.

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court screens Mr. Walker's second amended complaint and GRANTS Mr. Walker's motions to proceed in forma pauperis, Dkt. No. 2, file exhibits to supplement his motion for TRO, Dkt. No. 22, and file exhibits to supplement his complaint with several documents under seal, Dkt. No. 28. The Clerk of Court is directed to issue the summons and forward it to the United States Marshall to serve the second amended complaint on defendants.

The Court DENIES Mr. Walker's motions for a TRO, Dkt. No. 13, for a preliminary injunction, Dkt. No. 17, for expedited discovery, Dkt. No. 23, and to strike the City of Seaside's response, Dkt. No. 37. To proceed in this litigation, Mr. Walker must notice a hearing on the issue of whether he can represent A.B. in this matter and do so on a pro se basis. Only if the Court resolves those issues in Mr. Walker's favor, or if the Court determines that Mr. Walker may proceed on A.B.'s behalf and Mr. Walker has retained a lawyer to represent him in these proceedings, may Mr. Walker renew his request for a preliminary injunction or for expedited discovery.

**IT IS SO ORDERED.**

Dated: November 20, 2026



P. Casey Pitts
United States District Judge